IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT WINTERS, et al.,

        Plaintiffs,                    No. CIV S-09-0522 JAM EFB PS

    vs.

DELORES JORDAN, et al.,          <u>ORDER AND FINDINGS<br>AND RECOMMENDATIONS</u>

        Defendants.

_____/

      Plaintiffs move for emergency injunctive relief, Dckt. No. 5, and request to appear telephonically on their motion, Dckt. No. 4. The court has evaluated the merits of the substantive motion on the moving papers and finds that oral argument would not be of material assistance. Accordingly, the motion is submitted on the papers and the request to appear telephonically is denied as moot. For the reasons set forth below, plaintiffs' motion for emergency injunctive relief be denied and that the criminal actions which plaintiffs purport to have removed to this court must be remanded.

////

////

////

////

1

I.  BACKGROUND

Plaintiffs, nine family members who proceed in *pro se,*[1] filed their complaint on February 23, 2009.  The complaint names more than fifty defendants, including the Nevada County Adult Protective Services, local social workers, judges, court personnel, attorneys and law enforcement officers.  The ninety-four page complaint recounts years of bitter legal disputes concerning plaintiffs' presence in the home of their mother, grandmother, and mother-in-law, defendant Virginia Armstrong, and alleges, *inter alia*, harassment by third parties, and the failure of Ms. Armstrong to fulfill promises she made to plaintiffs.

The complaint asserts civil rights claims pursuant to 42 U.S.C. § 1983, based on alleged violations of the Fourth Amendment, for unlawful detention, false arrest, false imprisonment, and unlawful search and seizure; the Fifth Amendment, for violation of plaintiffs' *Miranda* rights;[2] the First Amendment, for invasion of plaintiffs' privacy rights, and violation of their rights to petition and redress grievances; the Second Amendment's right to keep and bear arms; the Sixth Amendment's right to the assistance of counsel; and the Fourteenth Amendment's guarantees of equal protection and due process.

Plaintiffs assert *respondeat superior* liability against Nevada County Sheriff Keith Royal, Nevada County Court Administrator Sean Metroka, Nevada County Adult Protective Services "Head" Jeffrey Brown, Nevada County Superior Court Judge Thomas Anderson, and assert a *Bivens* action,[3] based on alleged violation of the Speedy Trial Act by the U.S. Attorney's Office, Central District of Illinois, which is separately prosecuting plaintiff Brent Winters, an attorney licensed in Illinois, for filing fraudulent tax documents.

---

[1] This fee-paid case is before the undersigned pursuant to E. D. Cal. L. R. ("Local Rule") 72-302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Plaintiffs' motion for injunctive relief is reviewed by undersigned for findings and recommendations pursuant to Local Rule 72-302(c)(3).

[2] *Miranda v. Arizona*, 384 U.S. 436, 444-445 (1966).

[3] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

2

Plaintiffs also assert violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*

Finally, plaintiffs allege several garden variety state law claims which include: personal injury, abuse of process, assault and battery, sexual harassment, trespass to property and chattels, excessive force, slander, libel, loss of consortium, intentional infliction of emotional distress, and breach of contract against Virginia Armstrong.

Plaintiffs seek damages of "at least fifty million dollars," a declaration that defendants' conduct was unconstitutional, an order that will "[r]einstate and decree the enforcement of the terms of the Armstrong Living Trust dated 29 July 1994 as originally drawn up by Joe Q. Armstrong Sr. and Virginia Armstrong," "[f]ulfillment of the contract between the Winters and Virginia Armstrong," and that defendants be instructed "on fundamental and civil rights," and be required to participate in a "Twelve Week Anger Management Course . . . with proof of completion." Compl., at pp. 93-94.

The complaint also seeks the following permanent injunctive relief:

1. "[R]equir[e] defendant Keith Royal, Nevada County Sheriff, to adopt, and act upon, appropriate policies related to the hiring and supervision of its Deputies; Court Administrator Sean Metroka to adopt, and act upon, appropriate policies related to the hiring and supervision of court clerks and for Jeffrey Brown, Director of APS [Adult Protective Services], to adopt, and act upon, appropriate policies related to the hiring and supervision of APS employees;" and

2. "[R]equir[e] defendants to cease and desist their harassment and abuse of the Winters family and violations of their fundamental, constitutional, civil, and common-law rights." Compl., at p. 94.

In addition to filing their civil action in this court, plaintiffs have also filed two Notices of Removal. The first, Dckt. No. 6, purports to remove a pending criminal prosecutions from the Nevada County Superior Court. This criminal action is identified as "Case No. M09-0139 a,b," and is described by plaintiffs as a "misdemeanor-criminal action," filed against Susan and Cacey

Winters. The removal notice argues that the prosecution is retaliatory and seeks to enjoin the state authorities and the state court from proceeding with the case. Dckt. No. 6, at pp. 4-5.

The second, Dckt. No. 8, purports to remove three "civil actions" identified as Case Nos. 74512, 74513, and 74515. Plaintiff do not reference these state civil actions in their complaint filed in this court, but in their "emergency" motion they describe the three state civil cases as ones in which restraining orders have been entered against plaintiffs Christy, Cacey and Susan Winters. Dckt. No. 4. They claim that they cannot receive fair hearings in state court in these pending state cases due to "institutional bias." *Id.* Plaintiffs claim that the pending criminal prosecution and the civil restraining order cases involve the same set of facts presented by their federal section 1983 action filed in this court and should be joined with the latter. Dckt. No. 6, at 8-9; Dckt. No. 8, at 4.

II. <u>EMERGENCY INJUNCTIVE RELIEF</u>

Plaintiffs seek several "emergency injunctions to prevent harassment, physical abuse, and bad faith prosecutions in retaliation for, and to deter the exercise of, constitutionally protected rights," Compl., at p. 1. The requested actions share the common characteristic of intervening in the state court decision-making process, by overturning existing state court orders, intervening in pending state court proceedings, and effectively immunizing plaintiffs from any future state court proceedings. Plaintiffs seek the following emergency injunctive relief:

> 1. Emergency preliminary injunction, stopping further proceeding of the State misdemeanor Nevada County actions #M09-0139 "a" and "b", removed to this district court on 4 March 2009, and lifting all warrants that the court may have issued pursuant to said case.
>
> 2. Emergency preliminary injunction, stopping further proceeding of the Nevada County civil actions #74512, 74513, 74515, removed to this district court on 24 February 2009 and any other civil actions involving the same set of facts.
>
> 3. A prospective injunction in the non-pending-prosecution context against any other of the Winters family. []
>
> 4. A permanent injunction from future peace and police officer harassment, arrest, and prosecution in the State courts, without having first obtained leave of this federal district Court and only upon showing of good and lawful cause. []

4

5. A permanent injunction barring anyone, including any and all State deputies, peace officers, police, and other State employees or anyone else from entering the Winters' Nevada City home and disturbing or taking any of their property, papers or effects therein and about their home at 11318 Via Vista.

6. A lifting of all orders and restraints against all members of Cacey and Susan Winters and their immediate family that they may again [] exercise their rights of familial companionship.

7. Issuance of an order keeping the afore-requested injunctions and orders in force until at least the resolution and any appeal of the Winters § 1983, RICO, and pe[n]dant actions filed in the federal Court on 23 February 2009 (Case No. 09-00522) [instant case]."

Dckt. No. 5, at pp. 1-2. Plaintiffs have made no showing that would justify such extraordinary action.

A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.* , 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National*

*Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is equitable in nature, there must be no adequate remedy at law.  *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Here, plaintiffs fail to demonstrate the irreducible minimum that they have a fair chance of success on the merits.  They clearly and plainly state that they are asking this court to halt pending state civil and criminal proceedings.  As for the civil actions, the *Rooker-Feldman* doctrine renders this court without subject matter jurisdiction to consider – let alone suspend – the final state court decisions now challenged by plaintiffs; specifically, their request that this court "lift[] all orders and restraints against" plaintiffs. Whether plaintiffs are effectively attempting to appeal a state court judgement in this court, or whether they are seeking to stop the pending state civil actions, they fail to satisfy the most fundamental of thresholds; that his court has subject matter jurisdiction to entertain their requests.

> If the state court has issued a final judgment, this court lacks jurisdiction.  Federal courts lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413 [] (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 [] (1983). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. [] The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.1998). "This is equally true in constitutional cases brought under [28 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738).

*McGlothin v. Santos*, 2008 WL 5135996, 5 (E.D. Cal. 2008).

Similarly, the *Younger* abstention doctrine precludes this court's interference with pending state court proceedings.  "'*Younger* abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding.' *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 (9th Cir. 2004) []. *Younger*

abstention is required if: (1) state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994)." *McGlothin, supra*, 2008 WL 5135996, 5. "While abstention is inappropriate if the state proceedings are instituted in bad faith or if harassment is evident, assertions of bad faith or harassment are insufficient if they are conclusory and unsupported by specific facts." *McGlothin, supra*, 2008 WL 5135996, 6 (citing *World Famous Drinking Emporium, Ind.*, 820 F.2d 1079, 1082 (9th Cir. 1987), and *Roberts v. Carrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

Abstention, at least for purposes of this motion, at this early stage of the federal proceeding, appears warranted here. This court is not persuaded by the purported urgency of plaintiffs' requests-- predicated as they are--on conclusory and unsupported assertions of bad faith conduct and harassment by local officials. As noted in the authorities discussed above, plaintiffs burden on a request for such an extraordinary interference is high, indeed. Moreover, in addition to the absence of support for their extravagant claims, plaintiff seemingly contradictory assertions are self defeating. It is significant that plaintiffs' on the one hand claim they were at all times pursuing Ms. Armstrong's best interests, and on the other that they now attempt to sue her in this court.

The broad and prospective injunctive relief sought by plaintiffs – blanket orders directing, *inter alia*, local law enforcement officers and state judicial officers to refrain from taking any future action, convening any proceeding, or making any order against plaintiffs – not only implicates significant proscriptions against unwarranted federal involvement in state proceedings but, like the other types of emergency relief sought by plaintiffs, fails to meet the requisite criteria. Although ultimate resolution of the federal action--filed in this court--may require consideration of those claims and issues of abstention on subsequent dispositive motions or other further proceedings, including trial if appropriate, plaintiffs have failed to demonstrate

7

either a probability of success on the merits or even that serious questions have been raised that are sufficient to grant the emergency relief sought here. Plaintiffs ultimately seek reinstatement of a living trust created in 1994, which is solely the subject of state law, and for which this court has no jurisdiction. This is precisely the sort of claim that is barred by the *Rooker-Feldman* doctrine. The remaining contentions seek to even the score with local officials and insulate plaintiffs from pending and further legal action. Nor do plaintiffs demonstrate the possibility that they will be irreparably harmed absent intervention by this court. The pertinent facts underlying this case began in 2002, *see* Compl., at ¶ 31, and these matters should continue to be addressed in the normal course of events.

Accordingly, it is recommended that plaintiffs' motion for emergency injunctive relief be denied.

III. REMOVAL OF STATE COURT ACTIONS

As noted, plaintiffs have filed notices of "removal" of a criminal prosecution and three civil cases from the Nevada County Superior Court. Case No. M09-0139 a, b, is described as a misdemeanor-criminal case against plaintiffs Susan and Cacey Winters. Case Nos. 74512, 74513, 74515, are described as civil actions for restraining orders which have been entered against plaintiffs Christy, Cacey and Susan Winters.

Removal of state court actions to this court are permitted for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) (quoting *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir. 1986)).

////

In addition to the reasons noted below, removal based on a defense of federal civil rights requires "petitioners [to] assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." 28 U.S.C. § 1443; *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Plaintiffs herein have not met this burden. Plaintiffs' assertion that the state actions bear facts in common with their federal case is not an appropriate basis for removal.

Accordingly, the court recommends that these actions be summarily remanded to the Nevada County Superior Court. 28 U.S.C. § 1446(c)(4). Plaintiffs are admonished to consult Rule 11, Fed. R. Civ. P., regarding any future "removal" of these or similar state court actions, and are specifically cautioned that any removal petition signed in violation of Rule 11 may be grounds for sanctions.

IV. MINOR PLAINTIFFS

A reading of the federal complaint, filed in this court, suggests that some of the plaintiffs may be minor children who are not competent to sue on their own behalf. Moreover, even if one or more of the adult plaintiffs purports to act as a guardian-ad-litem, the plaintiffs have not followed the appropriate procedure for such appointment. Furthermore, apart from the guardianship status of any minor plaintiffs, there is the unresolved question of legal representation. Non-attorneys (even if adults) may only represent themselves and not any other person. "[A] parent or guardian may not bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). The rationale underlying this rule is protective. Where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Id*.

////

////

////

1 | Although the complaint indicates that plaintiff Brent Winters is "a lawyer licensed in
2 | Illinois's State and federal courts," Compl., at p. 7, there is no indication that he has been
3 | admitted to practice in this court. Absent such certification, Mr. Winters may only represent
4 | himself, not any other plaintiff, each of whom must independently represent himself or herself.

Accordingly, plaintiffs will be accorded thirty days in which to obtain counsel for any minor plaintiffs; alternatively, plaintiffs may file a declaration stating that each is at least 18 years of age and is proceeding in pro per.

V. <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' "Motion for Emergency Ex Parte Telephonic Hearing," Dckt. No. 4, is DENIED.

2. As for the federal complaint, filed initially in this court, plaintiff shall, within thirty days of the filing date of this order, (1) file a declaration stating that each plaintiff is at least 18 years of age, (2) obtain counsel for any minor plaintiffs, or (3) file an amended complaint that does not include any minor plaintiffs.

Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' "Motion for Emergency Injunctive Relief," Dckt. No. 5, be DENIED.

2. Nevada County Superior Court Case No. M09-0139 a, and b (Dckt. No. 6), and Nos. 74512, 74513, and 74515 (Dckt. No. 8) be REMANDED to the Nevada County Superior Court pursuant to 28 U.S.C. § 1446(c)(4).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

////

////

to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE