1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRENT WINTERS, et al.,

11            Plaintiffs,                    No. CIV S-09-0522 JAM EFB PS

12       vs.

13   DELORES JORDAN, et al.,                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14            Defendants.

15   _____/

16           On May 21, 2009, this court directed plaintiffs, for the second time (May 21, 2009 Order;

17   April 17, 2009 Order and Findings and Recommendations), to obtain legal representation for

18   their minor children, who remain as named plaintiffs in the Second Amended Complaint,[1] and to

19   notify the court accordingly.  Those children are not competent to represent themselves and the

20   other named plaintiffs, who are not attorneys, may not act as their counsel in this case.  The

21   April 17 Order and Findings and Recommendations gave plaintiffs 30 days within which to

22   obtain counsel for the minor children.  The deadline was extended by the May 21, 2009 order ////

23   ////

24   ////

25   _____

26         [1] While denominated a Second Amended Complaint, the document represents the first
     amendment of plaintiffs' original complaint.  *See* Dckt. No. 15.

                                              1

1  and plaintiffs were granted an additional 60 days.[2]  This 60-day deadline expired on July 20,

2  2009, and plaintiff have, to date, still not complied with the order.[3]

3      "Failure of counsel *or of a party* to comply with these Rules *or with any order of the*

4  *Court* may be grounds for imposition by the Court of any and all sanctions authorized by statute

5  or Rule or within the inherent power of the Court."  E. D. Cal. L. R. ("Local Rule") 11-110

6  (emphasis added).  "Any individual representing himself or herself without an attorney is bound

7  by the Federal Rules of Civil or Criminal Procedure and by these Local Rules.  All obligations

8  placed on 'counsel' by these Local Rules apply to individuals appearing *in propria persona*.

9  Failure to comply therewith may be ground for dismissal, judgment by default, or any other

10  sanction appropriate under these Rules."  Local Rule 83-183(a).  Additionally, Rule 16 of the

11  Federal Rules of Civil Procedure authorize sanctions for the failure "to obey a scheduling or

12  other pretrial order."

13  ////

14

15

16      [2]  As recounted in the court's May 21, 2009 order:

17  Plaintiff parents seek an unspecified extension of time within which to find
counsel to represent their minor children who are also plaintiffs herein.  On April
18  17, 2009, this court ordered in pertinent part that plaintiffs "shall, within thirty
days of the filing date of this order, (1) file a declaration stating that each plaintiff
19  is at least 18 years of age, (2) obtain counsel for any minor plaintiffs, or (3) file an
amended complaint that does not include any minor plaintiffs."  Dckt. No. 9, at p.
20  10.  While plaintiffs have filed a "Second Amended Complaint," the complaint
continues to list minor children.

21  For good cause shown, the court will grant an extension of 60 days within which
22  to obtain counsel for the minor plaintiffs.  *See* Fed. R. Civ. P. 6(b)(1)(A)
(authorizing extensions of unexpired time for good cause shown).  However, no
23  further extensions will be granted.  If counsel cannot timely be obtained to
represent the minor plaintiffs, an amended complaint that does not include the
24  minor plaintiffs shall be filed on or before expiration of the 60-day period.

25  *See* Dckt. No. 16, at pp. 1-2.

26      [3]  While plaintiffs have since filed several papers, they have not complied with the court's
May 21, 2009 and April 17, 2009, orders.

2

1    Pursuant to this authority, dismissal would be an appropriate response to the plaintiffs'

2    failure to comply with the court's orders.  However, as a less drastic alternative the court will

3    strike plaintiffs' Second Amended Complaint and grant leave for plaintiffs to file a new amended

4    complaint that complies with the court's order regarding the minor children.  They simply may

5    not represent themselves and they may not be represented by persons who are not authorized to

6    practice law.  As a result, the pending motions to dismiss and to strike the Second Amended

7    Complaint will be denied as moot.  Plaintiffs will be granted leave to file a "Third Amended

8    Complaint" that meets the following requirements:  (1) no unrepresented minors shall be named

9    as plaintiffs, (2) the birthdates and ages of all remaining plaintiffs shall be provided in the body

10   of the complaint, and (3) the complaint shall not exceed 25 pages in length.[4]  This will be

11   plaintiffs' last chance to comply.

12        In preparing their new complaint, plaintiffs must focus on the specific cause or causes of

13   action that they assert and state precisely which defendants each claim is asserted against.

14   Plaintiffs' Third Amended Complaint is not the place to set forth all of plaintiffs' evidence and

15   supporting arguments nor to characterize at length the defendants, etc., but rather to succinctly

16   inform defendants and the court of plaintiffs' legal claims and the specific facts that support the

17   elements of each claim and who each claim is directed against.  Plaintiffs must satisfy the

18   pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.[5]  The amended

19

20        [4] Plaintiffs' "Second Amended Complaint" purports to name 59 defendants and is 163
     pages in length.

21

22        [5] Fed. R. Civ. P. 8(a) provides:

23   (a) *Claim for Relief.*  A pleading that states a claim for relief must contain:
     (1) a short and plain statement of the grounds for the court's jurisdiction, unless
24   the court already has jurisdiction and the claim needs no new jurisdictional
     support;
25   (2) a short and plain statement of the claim showing that the pleader is entitled to
     relief; and
26   (3) a demand for the relief sought, which may include relief in the alternative or
     different types of relief.

1  complaint shall identify each defendant in both the caption and the body, and clearly set forth the

2  allegations against each defendant.  Rule 8(a)(2) "requires a complaint to include a short and

3  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

4  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic*

5  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

6  (1957)).

7       The amended complaint must be complete in itself.  Local Rule 15-220.  It shall not

8  reference back to or incorporate by reference the prior amended complaint.  Additionally, "a

9  plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

10  amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and

11  defendants not named in an amended complaint are no longer defendants, *Ferdik v. Bonzelet*,

12  963 F.2d 1258, 1262 (9th Cir. 1992).  The amended complaint must bear the docket number

13  assigned to this case and be labeled "Third Amended Complaint."

14       In addition, with the exception of those defendants who have already appeared in this

15  action (who may receive the Third Amended Complaint by mail, *see* Fed. R. Civ. P. 5(b)(C)),

16  plaintiffs shall serve process upon all other defendants, or obtain their waiver of service of the

17  summons, and file proofs of such service, consistent with the requirements of Fed. R. Civ. P. 4.

18       Plaintiffs are strongly cautioned that further failure to comply with any order of this

19  court, the Federal Rules of Civil Procedure, or this court's Local Rules, shall result in a

20  recommendation that this action be dismissed with prejudice.  *See* Fed. R. Civ. P. 41(b); Local

21  Rule 11-110.

22       Finally, plaintiffs have filed several other miscellaneous requests which are addressed as

23  follows.  Plaintiffs have requested in this action that the court reimburse their filing fee (Dckt.

24  No. 7) that was paid in the separate action, Civ. No. 09-0534 FCD DAD PS, which was ordered

25  remanded to state court.  That request is denied.

26  ////

Plaintiffs also filed: (1) a motion to stay until (a) plaintiff Brent Winters, a lawyer licensed in Illinois, has completed serving a one-year sentence imposed upon him April 30, 2009, by the U.S. District Court for the Central District of Illinois, in *United States v. Tylman et al.*, Dckt. No. 06-CR-20023 (based on a finding that he signed a fraudulent federal tax return in 1998); or (b) such sentence is reversed on appeal, see Dckt. Nos. 17, 20; (2) the applications of plaintiffs Brent Winters and Susan Winters to proceed *in forma pauperis* in their appeal to the Ninth Circuit of this court's order filed June 24, 2009, denying plaintiffs' motion for emergency injunctive relief, see Dckt. Nos. 31, 41, 47; see also Dckt. Nos. 9 and 22; and (3) an "Information Notice of Refusal to Consent to Magistrate's Hearing of Motions and to Vacate Hearing," which challenges the authority of the undersigned to hear the pending motions, see Dckt. No. 52.  The court addresses each in turn.

Although plaintiffs filed documentation stating that Brent Winter's "motion for release on bond pending appeal" was denied by the U.S. District Court for the Central District of Illinois, on June 4, 2009, *see* Dckt. No. 20, at p. 15, Brent Winter's *in forma pauperis* application, filed August 4, 2009, indicates that he remains unincarcerated, *see* Dckt. No. 47.  More importantly, plaintiffs have not established any basis for staying this case pending the service of a sentence by an incarcerated attorney.  Accordingly, it will be recommended that plaintiffs' motion for stay of this action, Dckt. No. 17, be denied.

Lastly, plaintiffs' challenge the authority of the undersigned to hear the pending motions. The undersigned is expressly authorized by federal statute and local rule – 28 U.S.C. § 636(b)(1), and E. D. Cal. L. R. 72-302(c)(21) – to hear such matters and to render findings and recommendations for the district judge's review.  The challenge to that authority is without merit and, accordingly, plaintiffs' motion at Dckt. No. 52 will be denied.

////

////

////

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiffs' Second Amended Complaint is dismissed with leave to file a Third Amended Complaint that is in strict conformance with the requirements set forth herein;

2.  Plaintiffs shall file their Third Amended Complaint within 30 days after the filing date of this order;

3.  Plaintiffs shall complete service of process of their Third Amended Complaint, as set forth in Fed. R. Civ. P. 4, and described herein, within 60 days after it is filed;

4.  Failure of plaintiffs to timely file a Third Amended Complaint, or failure of the Third Amended Complaint to strictly comply with the requirements set forth herein, shall result in a recommendation that this action be dismissed with prejudice;

5.  Defendants' motions to dismiss and to strike the Second Amended Complaint, Dckt. Nos. 33, 34, and 42, are denied as moot;

6.  Plaintiffs' "Information Notice of Refusal to Consent to Magistrate's Hearing of Motions and to Vacate Hearing," Dckt. No. 52, construed as a motion to have all pretrial matters heard by the district judge, is denied;

7.  Plaintiffs' request for reimbursement of their filing fee in Civ. No. 09-0534 FCD DAD PS, Dckt. No. 7, is denied; and,

IT IS HEREBY RECOMMENDED that Plaintiffs' motion to stay this action, Dckt. No. 17, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 21, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE