IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT WINTERS, et al.,

      Plaintiffs,                    No. CIV S-09-0522 JAM EFB PS

      vs.

DELORES JORDAN, et al.,          ORDER

      Defendants.

_____/

      On August 24, 2009, this court issued an order striking plaintiffs' Second Amended Complaint and granting plaintiffs leave to file a Third Amended Complaint which, *inter alia*, does not name any minors as plaintiffs. Dckt. No. 56 at 3. The court noted that it had twice directed plaintiffs to obtain legal representation for their minor children, who were named as plaintiffs in the Second Amended Complaint, *see* Dckt. Nos. 9 and 16, and plaintiffs failed to do so. Dckt. No. 56 at 2.

      On September 18, 2009, plaintiffs filed a motion to appoint a guardian ad litem, requesting that the court permit plaintiffs Brent Winters, Susan Winters, or Jennifer Winters as guardian ad litem for Brent and Susan's three minor children, Joy Winters, Clark Winters, and Jill Winters. Dckt. No. 65. On September 21, 2009, plaintiffs filed a Third Amended Complaint, listing Brent Winters and/or Jennifer Winters as guardian ad litem for Joy Winters,

1

Clark Winters, and Jill Winters, pending the court's permission.  Dckt. No. 66.

However, as the court stated in the August 24, 2009 order, as well as in the order issued on April 17, 2009, the minor children "may not represent themselves and . . . may not be represented by persons who are not authorized to practice law."  Dckt. No. 56 at 3; Dckt. No. 9 at 9-10.  As noted in those orders, non-attorneys (even if adults) may only represent themselves and not any other person.  "[A] parent or guardian may not bring an action on behalf of a minor child without retaining a lawyer."  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  The rationale underlying this rule is protective.  Where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."  *Id.*

Although the motion to appoint a guardian ad litem states that plaintiff Brent Winters "has practiced in the federal courts in California and Illinois" and plaintiff Susan Winters "has served as his research assistant," Dckt. No. 65 at 3, neither Brent nor Susan has been admitted to practice in this court.  Therefore, Brent and Susan Winters may only represent themselves and may not represent their minor children.  Accordingly, the motion to appoint a guardian ad litem will be denied, and all references to the minor plaintiffs will be stricken from the Third Amended Complaint.  Plaintiffs will be directed to serve a copy of this order on each of the defendants along with the Third Amended Complaint.

Because plaintiffs' Third Amended Complaint was just filed on September 21, 2009, the Status Conference set for September 30, 2009 will be continued to December 16, 2009.  On or before December 2, 2009, the parties shall file status reports (or a joint status report) which address the matters set forth in this court's initial scheduling order, filed February 24, 2009.  Dckt. No. 3, ¶ 5.

Additionally, on September 9, 2009, plaintiffs filed a "Motion for Return of Fees."  Dckt. No. 58.  Plaintiffs contend that because the court granted their application to proceed *in forma pauperis* on August 21, 2009 (the application was filed on August 4, 2009), this court should

reimburse them for the fees they paid to the Ninth Circuit on August 17, 2009 for their interlocutory appeal. However, plaintiffs cite no authority supporting their entitlement to reimbursement for fees that they already paid. Additionally, because the fees were paid to the Ninth Circuit and not to this court, this court cannot authorize a reimbursement of those fees. Accordingly, plaintiffs' request will be denied.

Moreover, Federal Rule of Appellate Procedure 24(a)(1)(A) requires parties seeking to appeal *in forma pauperis* to show in detail their "inability to pay or give security for fees and costs." Plaintiffs' payment of the filing fee undermines the reliability of their affidavit indicating an inability pay fees. Dckt. No. 47. Therefore, plaintiffs will be ordered to show cause why this court should not reconsider its decision to grant plaintiffs' *in forma pauperis* status. Specifically, plaintiffs are directed to file, on or before October 7, 2009, a further affidavit containing information regarding how they were able to pay the filing fee for their interlocutory appeal.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to appoint a guardian ad litem, Dckt. No. 65, is denied;

2. All references to the minor plaintiffs are stricken from plaintiff's Third Amended Complaint, Dckt. No. 66;

3. Plaintiffs are directed to serve a copy of this order on each of the defendants along with the Third Amended Complaint;

4. The Status Conference set for September 30, 2009 is continued to December 16, 2009;

5. On or before December 2, 2009, the parties shall file status reports (or a joint status report) which address the matters set forth in this court's initial scheduling order, filed February 24, 2009;

6. Plaintiffs' motion for return of fees, Dckt. No. 58, is denied; and,

////

////

////

7. Plaintiffs are ordered to show cause why this court should not reconsider its decision to grant plaintiffs *in forma pauperis* status by filing a further affidavit on or before October 7, 2009 containing information regarding how they were able to pay the filing fee for their interlocutory appeal.

SO ORDERED.

DATED: September 24, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE