IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT WINTERS, et al.,

      Plaintiffs,                        No. CIV S-09-0522 JAM EFB PS

   vs.

DELORES JORDAN, et al.,          ORDER

      Defendants.

                        /

      This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 24, 2009, the court issued an order denying plaintiffs' motion to appoint a guardian ad litem for the minor plaintiffs; striking all references to the minor plaintiffs from plaintiffs' third amended complaint; directing plaintiffs to serve a copy of the September 24 order on each of the defendants along with the third amended complaint; continuing the status (pretrial scheduling) conference to December 16, 2009; requiring the parties to file status reports on or before December 2, 2009; denying plaintiffs' motion for return of their fees for filing an interlocutory appeal; and ordering plaintiffs to show cause why the court should not reconsider its decision to grant plaintiffs *in forma pauperis* status, in light of their ability to pay the filing fee for their interlocutory appeal. Dckt. No. 68.

On October 8, 2009, plaintiffs filed objections to that order, which the court will construe as a request for reconsideration of that order and a response to the order to show cause. Dckt. No. 71. First, plaintiffs object to the denial of the motion to appoint a guardian ad litem and the striking of all references to the minor plaintiffs in plaintiffs' third amended complaint, arguing that "Brent Allan Winters is a licensed and trained attorney experienced in the federal courts" and that "the Winters are unable to obtain counsel for their minor children."[1] *Id.* at 1-2. However, as the court stated in the September 24 order, as well as in two previous orders, the minor children "may not represent themselves and . . . may not be represented by persons who are not authorized to practice law," and neither Brent nor Susan has been admitted to practice in this court. Dckt. No. 68 at 2. Therefore, plaintiffs' request for reconsideration of the portion of the court's September 24 order denying plaintiffs' motion to appoint a guardian ad litem and striking all references to the minor plaintiffs in the third amended complaint is denied.

Plaintiffs also object to the portions of the September 24 order denying reimbursement for the fees they paid to the Ninth Circuit for their interlocutory appeal. Dckt. No. 71 at 2. However, as stated in the September 24 order, plaintiffs cite no authority supporting their entitlement to reimbursement for the fees, and because the fees were not paid to this court, this court cannot authorize a reimbursement of those fees. Dckt. No. 68. Accordingly, plaintiffs' request for reconsideration of the portion of the court's September 24 order denying them

---

[1] Plaintiffs also contend that "any dismissal against the Winters' minor children must be without prejudice so that the Winters' minors may bring their action when they reach the age of majority." Dckt. No. 71 at 2. On October 16, 2009, the district judge adopted the findings and recommendations issued on August 24, 2009, in which the undersigned recommended striking the second amended complaint and giving plaintiffs leave to amend. The findings and recommendations specifically instructed plaintiffs that "no unrepresented minors shall be named as plaintiffs" in the third amended complaint. Because the unrepresented minor plaintiffs were included in the third amended complaint, in violation of the August 24 findings and recommendations, the court ordered that all references to those minor plaintiffs be stricken from that complaint. As a result, the minor plaintiffs are not parties to this action and the purported inclusion of those minor plaintiffs in the third amended complaint has no legal effect. *See Ritzer v. Gerovicap Pharmaceutical Corp.*, 162 F.R.D. 642, 644-45 (D. Nev. 1995) (citing *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1544 (11th Cir. 1988) (finding that an amended complaint filed without leave of court, when required, was without legal effect).

reimbursement for those fees is denied.

Additionally, plaintiffs' October 8 objections contain an affidavit explaining that they borrowed the money needed to pay the appellate filing fee. Dckt. No. 71 at 5. The court construes this affidavit as a response to the order to show cause why the court should not reconsider its decision to grant plaintiffs *in forma pauperis* status, in light of their ability to pay the filing fee for their interlocutory appeal, and therefore discharges that order to show cause. The court finds that plaintiffs are entitled to proceed in this action *in forma pauperis*.[2] *See* Dckt. Nos. 41, 47, 55.

In light of plaintiffs' *in forma pauperis* status, the Marshal will be directed to serve any unserved defendants with plaintiffs' third amended complaint, as well as with copies of this order and the September 24 order.[3] Additionally, because not all defendants have been served in this action, the status (pretrial scheduling) conference currently set for December 16, 2009 will be continued to March 17, 2010, and the parties will have until March 3, 2010 to file status reports addressing the matters set forth in this court's initial scheduling order, filed February 24, 2009.

On October 8, 2009, defendant Ford filed a motion to strike plaintiffs' third amended complaint, and noticed the motion for hearing on November 18, 2009. Dckt. No. 69. On October 9, 2009, defendant Logsdon also filed a motion to strike plaintiffs' third amended complaint, and noticed the motion for hearing on November 18, 2009. Dckt. No. 72. On October 13, 2009, defendants Burrow Security Forces and Ryan Arbuckle filed a motion to

---

[2] Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the *in forma pauperis* statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The court reserves decision on these issues until the record is sufficiently developed.

[3] Plaintiffs' October 8, 2009 objections also seek reconsideration of the portion of the court's September 24 order requiring them to serve that order on defendants along with the third amended complaint. Dckt. No. 71 at 2. However, in light of the directive herein requiring the Marshal to serve those documents on defendants, this request for reconsideration is moot.

3

1  dismiss plaintiffs' third amended complaint, and noticed the motion for hearing on November
2  18, 2009.  Dckt. No. 79.  Pursuant to Local Rule 78-230, plaintiffs' opposition to those motions
3  was due on or before November 4, 2009; however, plaintiffs did not file their opposition until
4  November 9, 2009.  Dckt. No. 86.  Plaintiffs' late-filed opposition does not provide defendants
5  sufficient time to file a reply, and does not address all of the motions currently scheduled for
6  hearing on November 18, 2009.[4]  Dckt. No. 86.  Therefore, the hearing on those motions will be
7  continued.

8     Also, on November 9, 2009, defendant Virginia Armstrong filed a motion to dismiss
9  plaintiffs' third amended complaint, and defendant Michael Armstrong filed an amended motion
10 to dismiss plaintiffs' third amended complaint; both motions were noticed for hearing on
11 December 9, 2009.  Dckt. Nos. 84, 85.  In an attempt to consolidate for hearing the various
12 motions pending in this action, the hearing on those motions will also be continued.

13    Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

14    1.  Plaintiffs' October 8, 2009 objection to the September 24, 2009 order, Dckt. No. 71, is
15 construed as a request for reconsideration of that order and is denied;

16    2.  Plaintiffs' October 8, 2009 affidavit is construed as a response to the September 24,
17 2009 order to show cause and that order to show cause, Dckt. No. 68, is discharged;

18 ////

---

[4] On November 9, 2009, plaintiffs also filed a request to file a response to the motions to dismiss and motions to strike, and state that they have been without their office equipment and have therefore experienced undue hardship in preparing and filing their oppositions.  In light of that request, plaintiffs will not be sanctioned for failing to timely file their opposition on November 4, 2009.  However, plaintiffs are admonished that in the future, failure to timely file briefs or other documents in this action, or to otherwise comply with the Local Rules or Federal Rules, may result in sanctions.  *See* Local Rule 83-183 (governing persons appearing *in pro se* and providing that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal or other appropriate sanction); Local Rule 11-110 (providing that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (*Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.).

3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4 for those defendants named in plaintiffs' third amended complaint for whom a summons has not issued, specifically Jason Jones, Dennis Salisbury, Donald Staggs, Robert Anderson, Kevin Martins, Sue Roderick, Phillip Johnson, Kathy Jo McBride, Steven Tinsley, Hilda Molnar, and Agent Pogue.

4. The Clerk of Court shall send plaintiffs the aforementioned summons, along with 52 USM-285 forms, a copy of the complaint, this court's February 24, 2009 scheduling order, this court's September 24, 2009 order, this order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes and the court's voluntary dispute resolution program.

5. Plaintiffs are advised that the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each defendant to be served by the Marshal;

   c. A copy of the complaint for each defendant to be served by the Marshal, with an extra copy for the Marshal; and,

   d. For each defendant to be served by the Marshal, a copy of this court's February 24, 2009 scheduling order, this court's September 24, 2009 order, this order, the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes, and the forms providing notice of the court's voluntary dispute resolution program.

6. Plaintiff shall supply the Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process on those defendants who have not yet appeared in this action, and *shall, within 10 days thereafter, file a statement with the court that said documents have been submitted to the Marshal*.

7. The Marshal shall serve process, along with copies of this court's February 24, 2009 scheduling order and related documents, this court's September 24, 2009 order, and this order,

1  on those defendants who have not yet appeared in this action.  Such service shall be completed
2  within 90 days of receipt of the required information from plaintiff, without prepayment of costs.
3  *The Marshal shall, within 10 days thereafter, file a statement with the court that said documents*
4  *have been served.*  If the Marshal is unable, for any reason, to effect service of process on any
5  defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

6        8.  The Clerk of Court shall serve a copy of this order on the United States Marshal, 501
7  "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

8        9.  The status (pretrial scheduling) conference currently set for December 16, 2009 is
9  continued to March 17, 2010 at 10:00 a.m. in Courtroom No. 25.

10        10.  The parties will have until March 3, 2010 to file status reports addressing the matters
11  set forth in this court's initial scheduling order, filed February 24, 2009.

12        11.  Hearing on the motions to strike and motions to dismiss, currently set for November
13  18, 2009 and December 9, 2009, Dckt. Nos. 69, 72, 79, 84, and 85, is continued to January 20,
14  2010 at 10:00 a.m. in Courtroom No. 25.  Plaintiffs shall file an opposition or statement of non-
15  opposition to each of the motions on or before January 6, 2010.  Defendants may file replies
16  thereto on or before January 13, 2010.

17        SO ORDERED.

18  Dated: November 13, 2009.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE