IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT ALLEN WINTERS, et al.,

        Plaintiffs,                     No. 2:09-cv-00522 JAM KJN PS

    v.

DELORES JORDAN, et al.,

        Defendants.              ORDER TO SHOW CAUSE

_____/

        On July 6, 2010, defendant Dewey Harpainter filed a motion to dismiss plaintiffs' Third Amended Complaint with respect to the claims against him, and he noticed his motion for a hearing to take place on August 12, 2010. (Dkt. No. 130.)  Plaintiffs were obligated to file and serve a written opposition or statement of non-opposition at least fourteen days prior to the noticed hearing date, which means such a submission was due on or before July 29, 2010.  See E. Dist. Local Rule 230(c).[1]  The court's docket reveals that plaintiffs failed to file a written opposition or statement of non-opposition with respect to Harpainter's motion.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    The hearing on defendant Dewey Harpainter's motion to dismiss , which is presently set for August 12, 2010, is continued until September 9, 2010.

---

[1] Local Rule 230(c) also provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

2. Plaintiffs shall show cause, in writing, no later than August 12, 2010, why sanctions, including dismissal of their claims against Harpainter, should not be imposed for failure to timely file an opposition or statement of non-opposition to the pending motion. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal). Failure to file the required writing shall constitute *additional* grounds for the imposition of appropriate sanctions, including dismissal.

3. Plaintiffs shall file a written opposition or statement of non-opposition to the pending motion to dismiss on or before August 19, 2010. Failure to file a written opposition shall be deemed a statement of non-opposition, and shall constitute *additional* grounds for the imposition of appropriate sanctions, including dismissal.

4. Defendant Harpainter may file a reply to plaintiffs' opposition, if needed, on or before September 2, 2010.

IT IS SO ORDERED.

DATED: August 4, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE