IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT ALLEN WINTERS, et al.,

      Plaintiffs,                              No. 2:09-cv-00522 JAM KJN PS

   v.

DELORES JORDAN, et al.,

      Defendants.              ORDER
_____/

        On July 6, 2010, defendant Dewey Harpainter ("Harpainter") filed a motion to dismiss plaintiffs' Third Amended Complaint with respect to the claims against him, and he noticed his motion for a hearing to take place on August 12, 2010.  (Dkt. No. 130.)  Plaintiffs were obligated to file and serve a written opposition or statement of non-opposition at least fourteen days prior to the noticed hearing date, which means such a submission was due on or before July 29, 2010.  See E. Dist. Local Rule 230(c).  Plaintiffs did not file a timely opposition or statement of non-opposition,[1] and this court entered an order to show cause ("OSC") in writing why plaintiffs' claims against Harpainter should not be dismissed and why plaintiffs should not be sanctioned.  (Dkt. No. 149.)

---

[1] The undersigned notes that plaintiffs have a history of filing untimely written oppositions to motions filed in this action.  Thus far, the court has been exceedingly lenient in considering plaintiffs' late-filed briefs.  Although relief appears proper as to Harpainter's motion to dismiss, the court's leniency is steadily waning.

Plaintiffs filed a timely response to the OSC, which indicates that defendant Harpainter might have applied insufficient postage when mailing his moving papers to plaintiffs, and that this might have caused plaintiffs' delay in filing an opposition. (Dkt. No. 164.) Plaintiffs filed their opposition to Harpainter's motion on August 6, 2010. (Dkt. No. 150.) Out of an abundance of caution, the undersigned will discharge the OSC and deem plaintiffs' opposition timely filed.[2]

Plaintiffs also "move the court to refer Attorney Harpainter for investigation and possible criminal prosecution," or for sanctions. These requests, which have not been brought through a noticed motion, will be denied.

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The OSC entered August 4, 2010 (Dkt. No. 149), is discharged.

2. Plaintiffs' written opposition (Dkt. No. 150) filed August 6, 2010, is deemed timely filed.

3. As noted in the OSC, defendant Harpainter may file and serve a reply to plaintiffs' opposition, if needed, on or before September 2, 2010.

4. As noted in the OSC, defendant Harpainter's motion will be heard before the undersigned on September 9, 2010, at 10:00 a.m, absent any subsequent continuance of that hearing date or submission of the motion on the briefs and record.

////

---

[2] The undersigned notes plaintiffs' apparent misreading of Eastern District Local Rule 230(c) regarding law and motion practice before this court. In their response to the OSC, plaintiffs state that their opposition to Harpainter's motion was timely filed because it was filed within 14 days of receiving Harpainter's motion. (Dkt. No. 164 at 2.) However, Local Rule 230(c), which the court referenced in the OSC, provides: "Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than *fourteen (14) days preceding the noticed (or continued) hearing date*" (emphasis added). Plaintiffs are encouraged to review the Local Rules so that they may properly prosecute their action going forward. See E. Dist. Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

5. Plaintiffs' improperly brought motions for miscellaneous relief as to defendant Harpainter are denied.

IT IS SO ORDERED.

DATED: August 25, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE