1
2
3
4
5
6
7
8        IN THE UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF CALIFORNIA
10 BRENT ALLEN WINTERS, et al.,
11        Plaintiffs,              No. 2:09-cv-00522 JAM KJN PS
        v.
12
13 DELORES JORDAN, et al.,
14        Defendants.              ORDER
   _____/
15

16        The following motions are presently set for a hearing before the undersigned on
17 February 3, 2011: (1) plaintiffs' motion for default judgment against a group of defendants that
18 the court will refer to in this order as the "Federal Defendants" (Dkt. No. 189); (2) plaintiffs'
19 motion to file electronically through the court's CM/ECF system (Dkt. No. 203); (3) a motion to
20 dismiss plaintiffs' Third Amended Complaint filed by the Federal Defendants (Dkt. No. 186);
21 (4) defendant John Taylor's motion to dismiss plaintiffs' Third Amended Complaint (Dkt.
22 No. 199, 200); (5) defendant Valerie Logsdon's motion for attorney's fees (Dkt. No. 202); and
23 (6) defendant Judy Ford's motion for attorney's fees (Dkt. No. 204).
24        Pursuant to this court's Local Rules, plaintiffs were obligated to file and serve
25 written oppositions or statements of non-opposition to the motions numbered three through six
26 above, i.e., the motions to dismiss and the motions for attorney's fees, at least fourteen days prior

to the hearing date, or by January 20, 2011.  See E. Dist. Local Rule 230(c).[1]  The court's docket reveals that plaintiffs, who are proceeding without counsel (although plaintiff Brent Winters is an attorney licensed in another state), failed to file written oppositions or statements of non-opposition with respect to the motions to dismiss and motions for attorney's fees referenced above.  Plaintiffs have a long history of repeatedly failing to file timely written oppositions to motions in this case and, to this point, the court has been lenient.

Furthermore, the Federal Defendants were obligated to file a written opposition or statement of non-opposition to plaintiff's motion for default judgment on or before January 20, 2011.  They failed to do so.[2]

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

---

[1] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

[2] Federal Defendants may be assuming that because they filed a motion to dismiss, they need not file an opposition to plaintiffs' motion for default judgment.  Such an assumption is incorrect.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

        In light of the foregoing, IT IS HEREBY ORDERED that:

        1.     The hearing on plaintiffs' motion to file electronically through the court's CM/ECF system (Dkt. No. 203) will remain on calendar and be heard on February 3, 2011.

        2.     The hearing on the following motions presently set for February 3, 2011, is continued until February 17, 2011: (a) plaintiffs' motion for default judgment against the Federal Defendants (Dkt. No. 189); (b) the motion to dismiss plaintiffs' Third Amended Complaint filed

---

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010).

by the Federal Defendants (Dkt. No. 186); (c) defendant John Taylor's motion to dismiss plaintiffs' Third Amended Complaint (Dkt. No. 199, 200); (d) defendant Valerie Logsdon's motion for attorney's fees (Dkt. No. 202); and (e) defendant Judy Ford's motion for attorney's fees (Dkt. No. 204).

3.  Plaintiffs shall show cause, in writing, no later than February 3, 2011, why sanctions, including dismissal of their claims against the Federal Defendants and defendant Taylor and the grant of defendants Logsdon's and Ford's respective motions for attorney's fees, should not be imposed for plaintiffs' continued failure to prosecute and failure to file timely written oppositions or statements of non-opposition.

4.  Plaintiffs shall also file *separate* written oppositions to each motion to dismiss and each motion for attorney's fees, or statements of non-opposition to the granting of those motions, on or before February 3, 2011.  *Plaintiffs' failure to file written oppositions to the motions will be deemed a statement of non-opposition to the pending motions and consent to the granting of the motions to dismiss and the motions for attorney's fees, and shall also constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that certain of plaintiffs' claims be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

5.  The moving defendants may file respective written replies to plaintiffs' oppositions, if any, on or before February 10, 2011.

6.  The Federal Defendants shall show cause, in writing, no later than February 3, 2011, why sanctions, including the grant of default judgment, should not be imposed for their failure file a written opposition or statement of non-opposition to plaintiffs' motion for default judgment.

7.  The Federal Defendants shall also file a written opposition to plaintiff's motion for default judgment, or a statement of non-opposition thereto, on or before February 3,

2011.

8. With respect to their motion for default judgment against the Federal Defendants, plaintiffs may file a written reply to the Federal Defendants' opposition, if any, on or before February 10, 2011.

IT IS SO ORDERED.

DATED: January 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE