IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT ALLEN WINTERS, et al.,

    Plaintiffs,

v.

DELORES JORDAN, et al.,

    Defendants.

No. 2:09-cv-00522 JAM KJN PS

ORDER

/

       Presently before the court is a plaintiffs' Motion to File Electronically, in which plaintiffs, who are proceeding without counsel, seek leave to use the court's electronic filing system, or CM/ECF system. (Dkt. No. 203.) No party has filed a written opposition to plaintiffs' motion. Because oral argument would not materially aid resolution of the pending motion, this matter was submitted on the briefs and record without a hearing.[1] See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). The undersigned denies plaintiff's motion.

       The court's Local Rules specifically preclude pro se parties from using the court's electronic filing system without first obtaining permission from the court. In relevant part, Local Rule 133(b) provides:

---

[1] Additionally, plaintiffs requested that this matter be submitted without oral argument or appearance. (Mot. to File Electronically at 1, Dkt. No. 203 at 2.) Moreover, the court's Local Rules provide that "no argument or hearing will normally be held" on a request for permission to file electronically. E. Dist. Local Rule 133(b)(3).

1       **(2) Pro Se Party Exception.** Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. See L.R. 133(b)(3). All pro se parties shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Rules.

4       **(3) Form of Requests.** Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception. Points and authorities are not required, and no argument or hearing will normally be held. Requests may also be made in scheduling conference and pretrial conference statements when the need can be foreseen.

E. Dist. Local Rule 133(b)(2)-(3).

      Plaintiffs primarily argue that permitting them to file electronically would avoid what they perceive to be attempts to mislead the court by other parties and inadvertent errors in scanning plaintiffs' filings when received by the court and placed on the court's docket. Plaintiffs cite an example where a defendant filed a motion to dismiss plaintiffs' Third Amended Complaint and allegedly served it on plaintiffs by mail with insufficient postage, which in turn caused plaintiffs to fail to file a timely opposition. In that instance, the court issued an order to show cause to determine why plaintiff had not filed a timely opposition, and plaintiffs responded that they received the motion late due to insufficient postage. (Order to Show Cause ("OSC"), Dkt. No. 149; Response to OSC, Dkt. No. 164.) The court ultimately discharged the OSC and continued the hearing, providing plaintiffs additional time to file an opposition. (Order, Dkt. No. 170.) The undersigned finds that plaintiffs were not prejudiced in a manner that would justify allowing plaintiffs to file electronically. Moreover, the undersigned is skeptical that plaintiffs would have filed a timely written opposition even if they had been permitted to file electronically. Plaintiffs have demonstrated a material inability to follow the court's Local Rules in that they have repeatedly failed to file separate, timely written oppositions to several motions to dismiss that have been filed in this action. (See, e.g., Dkt. Nos. 99 (untimely "consolidated" opposition responding to several motions to dismiss together in violation of court's prior order).)

1       Plaintiffs also point to an alleged error on the part of this court's clerk's office that purportedly supports allowing plaintiffs to file electronically. Plaintiffs filed a motion for default judgment on October 14, 2010, and court personnel allegedly erred in scanning the document by omitting pages 5 to 7 of the motion. The complete document currently appears on the docket without any apparent action on plaintiffs' part to correct any alleged error. Regardless, plaintiffs have not suffered prejudice such that they should be permitted to file electronically.

      Plaintiffs also argue that there is a due process concern in regards to their inability to file electronically. They cite no authority in this regard, and in any event, their argument is not well-taken. Plaintiffs are afforded an acceptable means of filing documents with the court.

      Finally, the undersigned has a legitimate concern that if plaintiffs were permitted to file electronically, they would abuse the privilege. Plaintiffs have demonstrated an inability to follow the Local Rules and the court's orders in several ways. For example, in addition to plaintiff's failures to file timely written opposition briefs, plaintiffs have filed several motions without noticing those motions for hearings and otherwise failing to comply with the court's Local Rules. (See, e.g., Dkt. Nos. 17, 52, 57, 58, 60, 64, 87, 119, 164.) These failures give the undersigned no confidence that plaintiffs would be able to appropriately use the electronic fling system if given unfettered permission to do so. This concern provides an additional reason not to permit plaintiffs to file electronically.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's Motion to File Electronically (Dkt. No. 203) is denied.

      IT IS SO ORDERED.

DATED: February 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE