1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRENT ALLEN WINTERS, et al.,

11              Plaintiffs,          No. 2:09-cv-00522 JAM KJN PS
         v.
12
     DELORES JORDAN, et al.,
13
                Defendants.          ORDER
14   _____/

15          Presently before the court are two ex parte applications filed by defendants David

16   Silber and Delores Jordan, which seek leave to file motions to dismiss plaintiffs' Third Amended

17   Complaint or for a more definite statement pursuant to Federal Rule of Civil Procedure 12.  (Dkt.

18   Nos. 253, 254.)  The proposed motions, which notice a hearing date of March 31, 2011, are

19   attached to the applications.  It does not appear that Mr. Silber, who is a named defendant and is

20   also representing Ms. Jordan,[1] served plaintiffs with the pending ex parte applications.

21          Briefly stated, Mr. Silber declares that due to his excusable neglect and trying

22   personal circumstances over the last year, he neglected to actually file his and Ms. Jordan's

23   respective responsive motions in or around November 2009.  (See Silber Decl. ¶¶ 5-6, 7.)

24   Apparently, Mr. Silber drafted those motions in 2009, did not actually file those motions, and

25   _____

26          [1]  Mr. Silber also represents defendants Virginia Armstrong and Michael Armstrong in
     this case and previously filed successful motions to dismiss on those defendants' behalf.  (See
     Silber Decl. ¶ 5; Dkt. Nos. 179, 180.)

just recently realized his error.  (Id. ¶¶ 3, 5, 7.)  David Silber also appeared at the February 17,

2011 hearing on plaintiffs' motion for default judgment (Dkt. No. 189) to explain the same.

Plaintiffs failed to appear at that hearing.[2]

IT IS HEREBY ORDERED that:

1.      The ex parte applications for leave to file responsive motions pursuant to

Federal Rule of Civil Procedure 12, filed by defendants David Silber and Delores Jordan (Dkt.

Nos. 253-54), are granted.

2.      The motions to dismiss or for a more definite statement submitted by

defendants David Silber and Delores Jordan, which are attached to the ex parte applications, are

deemed filed on February 17, 2011.  The hearing on Mr. Silber's and Ms. Jordan's motions to

---

[2]  Defendant Delores Jordan is named as one of the "Non-Responding Defendants" in plaintiffs' motion for default judgment.  (Mot. for Default J. ¶ 2.)  David Silber is not.  It is unclear from that motion for default, which is factually addressed to the acts of the so-called "Federal Defendants" and defendant John Taylor, whether it also sought a default judgment against Ms. Jordan or Mr. Silber.

In any event, and as will be stated in a forthcoming order denying plaintiffs' motion for default judgment, plaintiffs' motion is, at a minimum, procedurally improper and thus not well-taken.  Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court.  As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); see also Norman v. Small, No. 09cv2235 WQH , 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (unpublished) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); Cramer v. Target Corp., No. 1:08-cv-01693-OWW-SKO, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) (unpublished) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk.  Since plaintiffs' motion for entry of default judgment is improper, it is denied."), aff'd, 3 Fed. Appx. 656 (9th Cir. 2001), cert. denied, 534 U.S. 1083 (2002).  Here, plaintiffs did not request or obtain a clerk's entry of default from the Clerk of Court upon a showing by affidavit or otherwise that defendants failed to plead or otherwise defend themselves.  Accordingly, plaintiff's motion for default judgment is procedurally improper and not properly before the undersigned.

dismiss will take place on March 31, 2011, at 10:00 a.m., in Courtroom 25, subject to the motion being submitted on the briefs without argument pursuant to Local Rule 230(g).  Plaintiffs may file written oppositions or statements of non-opposition consistent with Local Rule 230.

3.      The granting of the ex parte applications and the resulting portion of this order deeming the responsive motions filed on February 17, 2011, is without prejudice to the plaintiffs arguing that leave has been improvidently granted by the court.  Plaintiffs must state any such arguments in their written oppositions to Mr. Silber's and Ms. Jordan's motions.

4.      Mr. Silber shall serve plaintiffs with the ex parte applications, this order, and the moving papers in support of the two responsive motions *within seven days of the date of this order*.  After such service, Mr. Silber shall file with the court a brief declaration attesting that he timely served the documents identified above on plaintiffs.

IT IS SO ORDERED.

DATED:  February 18, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE