IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT WINTERS, et al.,

      Plaintiffs,               No. 2:09-cv-00522 JAM KJN PS

    v.

DELORES JORDAN, et al.,

      Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        On December 1, 2010, plaintiff Jeremiah Winters filed a document entitled "Notice of Withdrawal as Plaintiff." (Notice of Withdrawal as Pl., Dkt. No. 207.) In its entirety, the notice states: "NOW COMES Jeremiah Winters, *pro se*, and informs the Court of his withdrawal as Plaintiff in the above-cited case." (Id.)

        In a previously entered order, the undersigned construed Jeremiah Winters's notice as a purported notice of voluntary dismissal of his claims pursuant to Federal Rule of Civil Procedure 41(a). (Order Feb. 11, 2011, Dkt. No. 246.) The undersigned concluded that Jeremiah Winters had automatically effectuated a voluntary dismissal of his claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), without prejudice, as to all defendants except Judy Ford, Valerie Logsdon, Ryan Arbuckle, and Burrows Security Force. (Id. at 3.) However, the undersigned concluded that Jeremiah Winters was required to obtain a court order of dismissal or

1

a stipulation of dismissal as to the four above-referenced defendants because Logsdon had filed an answer in this action and defendants Ford, Arbuckle, and Burrows Security Force had already obtained judgments against plaintiffs, including Jeremiah Winters. (Id. at 1-2.) The undersigned further noted that Jeremiah Winters filed his notice of withdrawal just two weeks after Ford and Logsdon filed motions for mandatory attorneys' fees and costs pursuant to California's anti-SLAPP statute, California Code of Civil Procedure 425.16.[1] (Id. at 2.) The undersigned ordered defendants Ford, Logsdon, Arbuckle, and Burrows Security Force to file either a statement of non-opposition and joinder in the dismissal or an opposition and/or request to impose conditions on the dismissal.[2] (See id. at 3.) Defendants Ford, Logsdon, Arbuckle, and Burrows Security Force filed responses to the undersigned's order. (See Dkt. Nos. 263, 266, 269.)

      Upon review of the facts of this case, the timing of the notice of dismissal, and the responses filed by Ford, Logsdon, Arbuckle, and Burrows Security Force, the undersigned finds that the following conditions should be imposed on Jeremiah Winters's withdrawal from the action and the dismissal of his claims. First, and intuitively, Jeremiah Winters should be subject to the judgments already entered in favor of Ford, Arbuckle, and Burrows Security Force. (Judgments, Dkt. Nos. 194, 198, 201.) Jeremiah Winters filed his notice of voluntary dismissal only after those judgments, which dismissed Jeremiah Winters's claims with prejudice as to Ford, Arbuckle, and Burrows Security Force, had been entered. Second, Jeremiah Winters's withdrawal should be subject to any award of attorneys' fees and costs that the undersigned awards to Ford and Logsdon pursuant to California's anti-SLAPP statute. It appears that Jeremiah Winters might be attempting to avoid his liability to Ford and Logsdon for mandatory

---

[1] The acronym "SLAPP" stands for "strategic lawsuit against public participation." Jarrow Formulas, Inc. v. La Marche, 31 Cal. 4th 728, 732 n.1, 74 P.3d 737, 739 n.1 (2003).

[2] Rule 41(a)(2) provides that where a voluntary dismissal may be achieved only by court order, court may impose terms of the dismissal "that the court considers proper." See Fed. R. Civ. P. 41(a)(2).

attorneys' fees and costs provided for by the anti-SLAPP statute.[3]  Finally, Jeremiah Winters's remaining claims should be dismissed with prejudice.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff Jeremiah Winters's be permitted to withdraw as a plaintiff in this action, subject to the conditions stated herein.

2.  Plaintiff Jeremiah Winters's be subject to the judgments already entered in favor of defendants Judy Ford, Ryan Arbuckle, and Burrows Security Force.

3.  Plaintiff Jeremiah Winters's remain jointly and severally liable for any award of attorneys' fees and costs that the undersigned awards to defendants Ford and Logsdon pursuant to California's anti-SLAPP statute as a result of Ford's and Logsdon's successful anti-SLAPP motions.

4.  Any remaining claims asserted by plaintiff Jeremiah Winters be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District

---

[3] California's anti-SLAPP statute provides, in part, that except under circumstances not present here, "a prevailing defendant on a special motion to strike *shall be* entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c) (emphasis added).  Under California law, "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." Ketchum v. Moses, 24 Cal. 4th 1122, 1131, 17 P.3d 735, 741 (Cal. 2001).  The successful defendant is also entitled to fees incurred in filing the motion for anti-SLAPP fees, i.e., "fees on fees." Id. at 1141, 17 P.3d at 747.

3

1 | Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d
2 | 1153, 1156-57 (9th Cir. 1991).
3 |       IT IS SO RECOMMENDED.
4 | DATED: April 14, 2011

                                  KENDALL J. NEWMAN
                                  UNITED STATES MAGISTRATE JUDGE