IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT WINTERS, et al.,

      Plaintiffs,                No. 2:09-cv-00522 JAM KJN PS

     v.

DELORES JORDAN, et al.,

      Defendants.          ORDER

_____/

      Presently before the court is plaintiffs' "Motion to Join Defendants Benjamin Wagner and J. Earlene Gordon" to this action pursuant to Federal Rule of Civil Procedure 20(a)(2). (Dkt. No. 232.) Because oral argument would not materially aid the resolution of the pending motion, the undersigned submitted this matter on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Having fully considered plaintiffs' moving and reply papers and defendants' written opposition, the undersigned denies plaintiffs' motion.

I.    BACKGROUND

      Plaintiffs' Third Amended Complaint alleges no facts about Benjamin B. Wagner, the United States Attorney for the Eastern District of California, or J. Earlene Gordon, an Assistant United States Attorney who works under Wagner and is or was counsel for several

1

other defendants in this case. Based on the record before the court, Wagner's and Gordon's only connection with this action is their representation of other named defendants.

Plaintiffs sued several defendants in this action based on their participation in the criminal investigation and prosecution of plaintiff Brent Winters in a matter that proceeded in the Central District of Illinois. See generally United States v. Hills, 618 F.3d 619 (7th Cir. 2010). The following defendants named in this action were federal prosecutors or internal revenue agents involved in the criminal investigation and prosecution of Brent Winters: Jan Paul Miller, Bernard Coleman, Sue Roderick, Kathi Jo McBride, Stephen Tinsley, Kevin Martens, Phillip Johnson, Hilda Molnar, Robert Anderson, Donald Staggs, James Pogue, Patrick Chelsey, and Hilary Frooman (collectively, "Federal Defendants"). Defendant John Taylor is an Assistant Federal Public Defender who represented one of Brent Winters's co-defendants in the criminal action in Illinois. The Illinois investigation began as early as 1999, and the trial concluded in June 2008. See Hills, 618 F.3d at 624-25.

On August 11, 2010, the Federal Defendants and Taylor filed, through Assistant United States Attorney Gordon, an ex parte motion for a 60-day extension of time to respond to the Third Amended Complaint on the grounds these defendants, all of whom are former or current federal employees, were then seeking representation by the United States Attorney's Office. (Dkt. No. 151.) The court granted the extension and ordered that responses to the Third Amended Complaint be filed on or before October 15, 2010. (Order, Aug. 12, 2010, Dkt. No. 152.) On October 14, 2010, defendant John Taylor requested, again through Gordon, another extension, until November 15, 2010, to file a response to the Third Amended Complaint. (Dkt. No. 184.) Taylor did so on the ground that the United States Attorney's Office had declined his request for representation, and Taylor would thus have to find private counsel. The court granted Taylor's request for an additional extension. (Order, Oct. 15, 2010, Dkt. No. 190.)

On October 15, 2010, the Federal Defendants filed a timely motion to dismiss plaintiffs' claims against them on several grounds. On November 4, 2010, John Taylor filed a

timely motion to dismiss plaintiffs' claims against him on several grounds, but through private counsel.[1]

On February 7, 2011, plaintiffs filed the pending motion to join Wagner and Gordon as defendants in this action. Plaintiffs contend that Wagner and Gordon violated federal statutes, including the Westfall Act, 28 U.S.C. § 2679(d)(1), by representing the Federal Defendants and Taylor at all.

II.     DISCUSSION

In relevant part, Federal Rule of Civil Procedure 20(a)(2) provides:

> **(a) Persons Who May Join or Be Joined.**
> . . .
>
>   **(2)** *Defendants.*  Persons . . . may be joined in one action as defendants if:
>
>        (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>        (B) any question of law or fact common to all defendants will arise in the action.

This rule is conjunctive in nature, requiring an adequate showing under Rule 20(a)(2)(A) and Rule 20(a)(2)(B). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." See, cf., Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (discussing permissive joinder in the context of a claim of misjoinder of plaintiffs).

Here, plaintiffs' potential claims against Wagner and Gordon relate to Wagner's and Gordon's participation as counsel in this action, representing the Federal Defendants and, on a limited basis, Taylor. Plaintiffs' claims that Wagner and Gordon lacked authority to represent

---

[1] By separate proposed findings and recommendations, the undersigned recommended that plaintiffs' request for a default judgment against the Federal Defendants and Taylor be denied, and that the Federal Defendants' and Taylor's motions to dismiss be granted on the grounds that the court lacks personal jurisdiction over those defendants. (See Findings & Recommendations, signed June 17, 2011, Dkt. No 292.) Those findings and recommendations are still pending.

the Federal Defendants and Taylor in this action have nothing to do with the facts and claims alleged in or underlying the Third Amended Complaint. Plaintiffs have not alleged that Wagner or Gordon had any connection to the criminal prosecution of Brent Winters in the Central District of Illinois. Similarly, plaintiffs do not allege that Wagner or Gordon had any involvement in the events that give rise to plaintiffs' nearly three dozen claims alleged against over 60 other defendants in the Third Amended Complaint. Plaintiffs are simply attempting to sue Wagner and Gordon for their participation as counsel in this action. The undersigned concludes that plaintiffs' claims against Wagner and Gordon do not arise out of the same transaction, occurrence, or series of transactions or occurrences as their claims against other named defendants in this action.[2] Accordingly, the undersigned denies plaintiffs' motion to join Wagner and Gordon in this action.

The undersigned briefly notes that even if the court were permit the joinder of Wagner and Gordon to this action, plaintiffs' potential claims would in all likelihood be barred by Noerr-Pennington immunity. "Under the Noerr-Pennington doctrine, those who petition all departments of the government for redress are generally immune from liability." Empress LLC v. City & County of San Francisco, 419 F3d 1052, 1056 (9th Cir. 2005). "The Noerr-Pennington doctrine ensures that those who petition the government for redress of grievances remain immune from liability for statutory violations, notwithstanding the fact that their activity might otherwise be proscribed by the statute involved."[3] White v. Lee, 227 F.3d 1214, 1231 (9th Cir. 2000). And

---

[2] Although the undersigned further concludes that a question of law or fact common to all defendants will not arise in the action, see Fed. R. Civ. P. 20(a)(2)(B), the undersigned need not reach this aspect of the permissive joinder inquiry because plaintiffs have not met the showing required under Rule 20(a)(2)(A).

[3] The Ninth Circuit Court of Appeals has held that "in the litigation context, not only petitions sent directly to the court in the course of litigation, but also 'conduct incidental to the prosecution of the suit' is protected by the Noerr-Pennington doctrine." Sosa v. DIRECTV, 437 F.3d 923, 934 (9th Cir. 2006) (citation omitted); see also Theme Prods., Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1007 (9th Cir. 2008) ("Conduct incidental to a lawsuit, including a pre-suit demand letter, falls within the protection of the Noerr-Pennington doctrine.")

4

1 although this doctrine originated in the antitrust context, it is no longer limited to antitrust actions.[4] See, e.g., Kearny v. Foley & Lardner, LLP, 590 F.3d 638, 644 (9th Cir. 2009). The Noerr-Pennington doctrine applies equally to "defensive" activity. Freeman v. Lasky, Haas & Cohler, 410 F.3d 1180, 1184 (9th Cir. 2005).

Here, plaintiffs' potential claims against Wagner and Gordon only plausibly relate to Gordon's filing, as counsel for named defendants, of two ex parte applications seeking extensions of time in which to respond to the Third Amended Complaint and a motion to dismiss. Gordon's filing of the requests for extensions and the motion to dismiss constitute petitioning activity protected by the Noerr-Pennington doctrine. See, e.g., Freeman, 410 F.3d at 1184 ("A complaint, an answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something, can be described as petitions . . . ."). Nevertheless, the undersigned does not reach the merits of plaintiffs' potential claims against Wagner and Gordon here.

////
////
////
////
////

---

[4] For example, the Ninth Circuit Court of Appeals has held that the Noerr-Pennington doctrine may apply to petitioning activity that gives rise to a claim brought pursuant to 42 U.S.C. § 1983, a conspiracy claim alleged pursuant to 42 U.S.C. § 1983, a claim brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., and some state law tort claims. See Theme Prods., Inc., 546 F.3d at 1007 (holding that "the Noerr-Pennington doctrine applies to appellant's state law tortious interference with prospective economic advantage claims"); Sosa, 437 F.3d at 932-42 (holding that the Noerr-Pennington doctrine applied to a claim brought under the RICO statute); Empress LLC, 419 F.3d at 1056-57 (holding that the Noerr-Pennington doctrine applies to claim brought pursuant to 42 U.S.C. § 1983 alleging a conspiracy between private individuals and government actors); Manistee Town Ctr. v. City of Glendale, 227 F.3d 1090, 1092 (9th Cir. 2000) (recognizing that the Noerr-Pennington doctrine applies to Section 1983 claims).

III.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiffs' Motion to Join Defendants Benjamin Wagner and J. Earlene Gordon (Dkt. No. 232) is denied.

IT IS SO ORDERED.

DATED: June 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE