IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT WINTERS, et al.,

      Plaintiffs,               No. 2:09-cv-00522 JAM KJN PS

      v.

DELORES JORDAN, et al.,

      Defendants.         ORDER

_____/

      Presently before the court is plaintiffs' "Motion to Remove Defendant & Attorney for Co-Defendants David Silber for Conflict of Interest and Motion to Strike Dkts. 82-85" (Dkt. No. 233).[1] Because oral argument would not materially aid the resolution of the pending motion, the undersigned submitted this matter on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Having fully considered the parties' arguments contained in their moving and opposition papers, the undersigned denies plaintiffs' motion.

I.    Plaintiffs' Request to "Remove" David Silber as Counsel

      Plaintiffs first seek to have attorney and defendant David Silber "removed" or disqualified insofar as he is counsel of record for defendants Michael and Virginia Armstrong.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  David Silber, Michael Armstrong, and Virginia Armstrong are all named defendants in this case.
2  As noted above, Silber serves as counsel to Michael and Virginia Armstrong.  Silber was also
3  previously retained by Virginia Armstrong in connection with seeking a restraining order from
4  the Nevada County Superior Court against one or more of the plaintiffs in this case.  That
5  restraining order, among other things, gave rise to plaintiffs' claims in this case.  Plaintiffs have
6  sued in this action nearly every single person they encountered during the course of the
7  proceedings in the Nevada County Superior Court—plaintiffs named nearly 60 defendants in this
8  case.  Now plaintiffs seek to disqualify Silber in this case because his interests are purportedly
9  not aligned, or are purportedly in conflict, with Michael and Virginia Armstrong's respective
10  interests.

    Plaintiffs' motion to "remove" Silber from his representation is denied.  Beyond being a frivolous motion filed by plaintiffs to harass Silber, Michael Armstrong, and Virginia Armstrong, plaintiffs lack standing to challenge Silber's representation of the Armstrongs in this case.  To the extent that there is any conflict of interests among Silber and the Armstrongs in this litigation, that conflict must be raised by the Armstrongs—not opposing parties who are suing the Armstrongs.  Accordingly, plaintiffs' motion is denied.

II.     Plaintiffs' Motion to Strike

    Plaintiffs also move to strike "Dkts. 82-85" pursuant to Federal Rule of Civil Procedure 12(f).  The documents associated with docket entries 82 through 85 in this case consist of Virginia's and Michael Armstrong's respective motions to dismiss plaintiffs' Third Amended Complaint, and related papers.  Silber filed those motions on behalf of Virginia and Michael Armstrong.  The undersigned denies plaintiffs' motion to strike for three reasons.

    First, plaintiffs' motion to strike is entirely contingent on their argument that David Silber must be "removed" or disqualified from his representation of Michael and Virginia Armstrong in this case. Because plaintiffs' argument in that regard lacks merit, their contingent motion to strike is denied.

1    Second, Michael and Virginia Armstrong's moving papers may not be stricken
2 pursuant to Federal Rule of Civil Procedure 12(f) because they are not pleadings. Rule 12(f)
3 permits the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial,
4 impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). In turn, the term
5 "pleading" is defined in Federal Rule of Civil Procedure 7 as follows:

> **(a) Pleadings.** Only these pleadings are allowed:
>
> **(1)** a complaint;
>
> **(2)** an answer to a complaint;
>
> **(3)** an answer to a counterclaim designated as a counterclaim;
>
> **(4)** an answer to a crossclaim;
>
> **(5)** a third-party complaint;
>
> **(6)** an answer to a third-party complaint; and
>
> **(7)** if the court orders one, a reply to an answer.

14    Here, plaintiffs' Rule 12(f) motion to strike seeks to strike materials that are not
15 pleadings or contained in pleadings. Accordingly, plaintiff's motions to strike are denied. See
16 Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express
17 language of the rule, only pleadings are subject to motions to strike.").
18    Third, the undersigned denies plaintiffs' motion to strike docket entries 82
19 through 85 as moot. The court long ago granted Michael Armstrong's motion to dismiss and
20 dismissed Michael Armstrong from this action with prejudice. (See Findings &
21 Recommendations, July 22, 2010, Dkt. No. 146, adopted by Order, Sept. 14, 2010, Dkt.
22 No. 179.) The court also resolved Virginia Armstrong's motion to dismiss prior to the filing of
23 the pending motion to strike. (See Findings & Recommendations, July 27, 2010, Dkt. No. 147,
24 adopted by Order, Sept. 14, 2010, Dkt. No. 180.)

III.   CONCLUSION

   For the foregoing reasons, IT IS HEREBY ORDERED that plaintiffs' "Motion to

1  Remove Defendant & Attorney for Co-Defendants David Silber for Conflict of Interest and
2  Motion to Strike Dkts. 82-85" (Dkt. No. 233) is denied.
3      IT IS SO ORDERED.
4  DATED: November 9, 2011

            _____
            KENDALL J. NEWMAN
            UNITED STATES MAGISTRATE JUDGE