IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT ALLEN WINTERS, et al.,

        Plaintiffs,               No. 2:09-cv-00522 JAM KJN PS

    v.

DELORES JORDAN, et al.,

        Defendants.        ORDER
_____/

        A status (pretrial scheduling) conference in this case is scheduled to take place on March 15, 2012.[1] The remaining plaintiffs in this action—Brent, Susan, Christy, Cacey, and Jennifer Winters—indicated in their status report that they intend to appear at the conference by telephone (Dkt. No. 322). The court construes that statement as a request to appear by telephone and grants the request. However, because the court will call plaintiffs from the courtroom at the time of the conference, plaintiffs shall promptly contact the undersigned's Courtroom Deputy, at (916) 930-4187, and provide him with a land-line telephone number (i.e., not a cell phone number) at which all plaintiffs may be reached at the time of the conference.

        The undersigned also advises plaintiffs that *all* remaining plaintiffs in this action (i.e., Brent, Susan, Christy, Cacey, and Jennifer Winters) must be on the telephone line and

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

appear at the conference.  The failure of any plaintiff to appear at the conference may result in the imposition of monetary or non-monetary sanctions on that plaintiff.  <u>See</u> Eastern Dist. Local Rules 110, 183(a), 240(a).[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The request of plaintiffs Brent, Susan, Christy, Cacey, and Jennifer Winters to appear by telephone at the March 15, 2012 status conference is granted.

2. Plaintiffs shall *promptly* contact the undersigned's Courtroom Deputy, at (916) 930-4187, and provide a land-line telephone number at which *all* plaintiffs may be reached at the time of the conference by telephone.

---

[2] As plaintiffs have been previously advised in this case, Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing <u>in</u> <u>propria</u> <u>persona</u>.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

<u>See also</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), <u>cert. denied</u>, 516 U.S. 838 (1995); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), <u>cert. denied</u>, 506 U.S. 915 (1992); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), <u>cert. denied</u>, 479 U.S. 829 (1986).

3. The failure of any plaintiff to appear at the conference may result in the imposition of monetary or non-monetary sanctions on that plaintiff.

IT IS SO ORDERED.

DATED: March 7, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE