IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT ALLAN WINTERS, et al.,

     Plaintiffs,                   No. 2:09-cv-00522 JAM KJN PS

  v.

DELORES JORDAN, et al.,

     Defendants.               ORDER TO SHOW CAUSE

/

        Attorney David Silber represents the following defendants in this action: Delores Jordan and Virginia Armstrong.  Additionally, until recently Mr. Silber was a pro se defendant in this action.  (<u>See</u> Order, Mar. 9, 2012, Dkt. No. 326.)  By this order, the undersigned requires Mr. Silber to show cause why he should not be sanctioned for his failure to comply with the court's orders and Local Rules.  <u>See</u> Local Rules 110, 183(a).  Although Mr. Silber's failures are described below, the undersigned also discussed Mr. Silber's failures and this forthcoming order to show cause at a status (pretrial scheduling) conference held on March 15, 2012.  Adding to Mr. Silber's missteps in this case, he arrived fifteen minutes late to the status conference.

        Mr. Silber's failures consist of the following.  First, Mr. Silber failed to file an answer or other response to the Third Amended Complaint on behalf of Ms. Jordan for over one year after the time to do so.  Mr. Silber's failure nearly led to the default of Ms. Jordan, and the court subsequently excused Mr. Silber's failure as excusable neglect, although Mr. Silber's

conduct presented a close call.  (See Findings & Recommendations, Feb. 2, 2012, Dkt. No. 311, adopted by Order, Mar. 9, 2012.)

Second, Mr. Silber failed to file a timely answer on behalf of defendant Virginia Armstrong.  Although the court ordered Ms. Armstrong to file an answer to the Third Amended Complaint no later than February 17, 2012 (see Order, Feb. 3, 2012, at 11-12, Dkt. No. 312), Mr. Silber failed to file Ms. Armstrong's answer until March 8, 2012 (Dkt. No. 324).  At the status conference, Mr. Silber stated that he had no excuse for this failure, and that he simply neglected to read the court's orders.

Third, Mr. Silber failed to file timely status reports on behalf of Ms. Jordan and Ms. Armstrong.  He also failed to file a status report on his own behalf even though he was still a defendant at the time such report was due.  Although all of those status reports were due on March 1, 2012 (see Order, Feb. 3, 2012, at 11), Silber filed a status report on behalf Ms. Jordan and Ms. Armstrong at approximately 7:00 p.m. on March 14, 2012, the night before the status conference (Dkt. No. 327).  At the status conference, Mr. Silber stated that he had no excuse for these failures, and that he simply neglected to read the court's orders and Local Rules.

Finally, as noted above, Mr. Silber topped off his failures by arriving at the status conference late.  Although not ordinarily sanctionable by itself, Mr. Silber's tardiness is consistent with his other failures in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Attorney David S. Silber shall show cause, in writing, no later than March 26, 2012, why monetary sanctions in an amount of at least $500 should not be imposed on him for his various failures to comply with the court's order and Local Rules.

////
////
////
////

1  2. Mr. Silber's writing shall be supported by a declaration sworn under
2 penalty of perjury, and should address what amount of sanctions Mr. Silber believes will compel
3 him to properly represent his clients and comply with the court's order and Local Rules.
4  IT IS SO ORDERED.
5 DATED: March 15, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE