1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRENT ALLAN WINTERS,

11              Plaintiffs,                    No. 2:09-cv-0522 JAM KJN PS

12        v.

13   DELORES JORDAN, et al.,

14              Defendants.            <u>ORDER</u>

                                    /

15

16        Plaintiffs are proceeding without counsel and in forma pauperis in this action, and

17   service of process has, for the most part, been effectuated through the United States Marshals

18   Service.[1]  The United States Marshals Service, Civil Division ("Marshal") has requested

19   reimbursement of its expenses incurred in connection with its personal service on the following

20   defendants:

21        1.   Dewey Harpainter (<u>see</u> Dkt. Nos. 124-25);

22        2.   Sean Metroka, Teresa Long, Candace Heidelberger, Thomas Anderson,

23             Delores Spindler, Hilary Berardi (formerly known as Hilary Burget),

24             Audrey Golden, Connie Beckett, and Kiera Jefferson (hereinafter,

25   _____

26   [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    "Judicial Defendants") (see Dkt. No. 128);

2    3.    Sue Roderick, Donald R. Staggs, Kathy Hammen McBride (a.k.a. Kathy

3    Jo McBride), Jan Paul Miller, Steven Tinsley, (hereinafter, Federal

4    Defendants") (see Dkt. Nos. 139-40, 157-62, 172-73, 191-92, 195-96); and

5    4.    John Taylor (see Dkt. Nos. 141-42).

6    After granting plaintiff's application to proceed in forma pauperis and dismissing

7    the Second Amended Complaint, the court ordered plaintiffs to "complete service of process of

8    their Third Amended Complaint, as set forth in Fed. R. Civ. P. 4." (Order, Aug. 24, 2009, Dkt.

9    No. 56.) It appears that plaintiffs, who are proceeding in forma pauperis, used the Marshal to

10   effectuate service of the Third Amended Complaint and process on certain named defendants,

11   consistent with Federal Rule of Civil Procedure 4(c)(3).

12   In regards to Harpainter, the Judicial Defendants, the Federal Defendants, and

13   Taylor, the Marshal seeks reimbursement for the costs incurred in effectuating personal service.

14   Other than the Judicial Defendants, none of the other defendants had yet appeared in the action

15   prior to entry of the court's order regarding service of the Third Amended Complaint.

16   In regards to waivers of service, Federal Rule of Civil Procedure 4(d) provides, in

17   relevant part:

18   **(d) Waiving Service.**

19   **(1) Requesting a Waiver.**  An individual, corporation, or association that
     is subject to service under Rule 4(e), (f), or (h) has a duty to avoid
20   unnecessary expenses of serving the summons.  The plaintiff may notify
     such a defendant that an action has been commenced and request that the
21   defendant waive service of a summons. . . .

22   **(2) Failure to Waive.** If a defendant located within the United States fails,
     without good cause, to sign and return a waiver requested by a plaintiff
23   located within the United States, the court must impose on the defendant:

24   **(A)** the expenses later incurred in making service; and

25   **(B)** the reasonable expenses, including attorney's fees, of any motion
     required to collect those service expenses.
26

2

1   Fed. R. Civ. P. 4(d)(1), (2).

2          As to each of the defendants named above, the record reflects that the Marshal

3   unsuccessfully attempted to obtain a written waiver of service.  Thereafter, the Marshal

4   personally served each of those defendants and incurred costs in doing so.

5          In regards to all of the above-referenced defendants except the Judicial

6   Defendants, it is unclear why those defendants did not execute and return a written waiver of

7   service form.  Accordingly, the undersigned requires each of those defendants to show good

8   cause why they failed to execute written waivers and should not be required to reimburse the

9   Marshal for the expenses that the Marshal incurred in personally serving each of those

10  defendants.

11         The Judicial Defendants, however, have filed an objection to the imposition of

12  service costs on them (Dkt. No. 129).  The Judicial Defendants note that they had already

13  appeared in this action through counsel long before the Third Amended Complaint was

14  personally served on them.  They argue, in part, that they impliedly waived service when they

15  first appeared and, accordingly, there was no reason for the Marshal to personally serve them.

16  Additionally, the Judicial Defendants argue that the Marshal effectuated personal service on them

17  in June 2010, which was after the Judicial Defendants' motion to dismiss the Third Amended

18  Complaint had been heard and submitted.  The undersigned finds the Judicial Defendant's

19  argument persuasive under the peculiar facts presented here.  The Judicial Defendants arguably

20  believed that they were not required to execute a written waiver of service when they had already

21  appeared, were actively contesting this case, and where personal service was not attempted or

22  effectuated until four months after these defendants had already appeared in the action.

23  Accordingly, the undersigned denies the Marshal's request for reimbursement as to the Judicial

24  ////

25  ////

26  ////

1  Defendants.[2]

2          Accordingly, IT IS HEREBY ORDERED that:

3          1.      The Marshal's request for reimbursement of service-related fees as to

4  defendants Sean Metroka, Teresa Long, Candace Heidelberger, Thomas Anderson, Delores

5  Spindler, Hilary Berardi (formerly known as Hilary Burget), Audrey Golden, Connie Beckett,

6  and Kiera Jefferson (see Dkt. No. 128) is denied.

7          2.      Within 45 days of the date of service of this order, defendants Dewey

8  Harpainter, Sue Roderick, Donald R. Staggs, Kathy Hammen McBride (a.k.a. Kathy Jo

9  McBride), Jan Paul Miller, Steven Tinsley, and John Taylor shall either: (a) show good cause

10  why he or she failed to waive service, or (2) pay to the United States Marshals Service the costs

11  of personal service reflected on the USM-285 form associated with the service of that defendant.

12  If any of these defendants chooses to pay the costs rather than show good cause, he or she shall

13  promptly notify the court of such payment.

14          3.      The Clerk of Court shall serve a copy of this order on the United States

15  Marshals Service.

16          IT IS SO ORDERED.

17  DATED:  April 10, 2012

18

19                                                    _____
                                                      KENDALL J. NEWMAN
20                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

---

25      [2]  The undersigned notes that the court shall take steps in the future to more clearly delineate
    which defendants should be served with an amended pleading or, if appropriate, order the execution
26  of the written waiver notwithstanding a prior appearance by a defendant.