IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT WINTERS, et al.,

        Plaintiffs,                    No. 2:09-cv-00522 JAM KJN PS

    v.

DELORES JORDAN, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Presently before the court[1] is defendant Judy Ford's motion for attorneys' fees and costs (Dkt. No. 204) in connection with her successful special motion to strike plaintiffs' Third Amended Complaint, which Ford filed pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.[2]  The court previously acknowledged by separate order that Ford was a prevailing party, that Ford is entitled to some measure of attorneys' fees and costs under the anti-SLAPP statute, and that Ford's proposed lodestar figure is reasonable, but denied Ford's motion without prejudice due to myriad deficiencies regarding the proposed award of $33,540.65.  (See

---

    [1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

    [2] The acronym "SLAPP" stands for "strategic lawsuit against public participation." <u>Jarrow Formulas, Inc. v. La Marche</u>, 31 Cal. 4th 728, 732 n.1, 74 P.3d 737, 739 n.1 (2003).

1

1  Order, Apr. 21, 2011, at 8-14, Dkt. No. 384.)  The court granted Ford leave to file a supplemental
2  declaration to clarify the award sought, and Ford filed a supplemental declaration that is referred
3  to here as "Sommer's Declaration" (Dkt. No. 290).  Sommer's Declaration does not, in most
4  respects, provide the clarity that the court hoped it would.[3]  In any event, for the reasons stated
5  below, the court grants Ford's motion and awards her a total of $11,008.12 in attorney's fees, and
6  does not award costs.

7        At the outset, the undesigned notes that it is not clear, as a bottom line matter,
8  how much Ford actually seeks in attorneys' fees and costs.  Although the text of Sommer's
9  Declaration states that Ford seeks $19,575.95 in attorneys' fees and includes no request for costs,
10 Exhibit A to that declaration requests $23,425 in attorneys' fees and $174.06 in costs.  (Compare
11 Sommer's Decl. ¶ 19, with id., Ex. A at 8 and id ¶ 2 (stating that Exhibit A includes billing
12 entries "for which . . . Ford seeks payments from plaintiffs").)  Thus, it is unclear what amount
13 Ford actually requests.

14        The court has repeatedly reviewed Sommer's Declaration in an attempt to resolve
15 the pending motion.  In short, the court concludes that Ford is entitled to an award of some
16 attorneys' fees, and Sommer's declaration generally supports much of the lesser award sought.
17 The court starts with the figure of $19,575.95 proposed in Sommer's Declaration, and deducts
18 from that figure as stated below.  The court does not award the minimal costs that Ford seeks.

19        First, the court exercises its discretion and does not award any of Ford's "fees-on-
20 fees," which are fees incurred by Ford in pursuing this motion for attorneys' fees.[4]  (See
21 Sommer's Decl. ¶¶ 13-15, 17-18.)  Ford's motion and supporting declarations have been
22 confusing, overly complicated, and in some respects over-reaching.  Such a fee motion should
23 not be nearly this complicated, especially for counsel such as Ford's counsel, who claim

---

[3] The undersigned incorporates, by reference, the April 21, 2011 order into this order.

[4] Generally, successful anti-SLAPP movants are entitled to such fees-on-fees.  See Ketchum v. Moses, 24 Cal. 4th 1122, 1141, 17 P.3d 735, 747 (2001).

significant expertise in regards to anti-SLAPP litigation.  Accordingly, the court deducts $7,344.70, which consists of Ford's requested fees-on-fees.  Such reduction brings the award to $12,231.25.

Second, the court further reduces Ford's award of $12,231.25 by 10%.  Such reduction is based, in part, on the reasons set forth above.  Additionally, Sommer's declaration reveals duplication of efforts and unreasonable time spent on certain tasks.  For example, Ford's counsel spent 6.6 hours researching and preparing a reply brief in support of Ford's anti-SLAPP motion despite the absence of an opposition by plaintiffs, but then spent an additional 7.8 researching and preparing another reply brief after plaintiffs were granted leave to file an opposition.  (Sommer's Decl. ¶¶ 10-11, and the paragraph that follows, incorrectly numbered as para. "10.")  Curiously, this latter brief required research into the "applicability of the anti-SLAPP motion in Federal Court," despite the fact that Ford's counsel had already prepared an anti-SLAPP motion in this case and are purportedly experienced anti-SLAPP litigators.  (Id. ¶ 10.)  Above and beyond the two reply briefs, Ford's counsel also seek fees for 5.6 hours in additional research costs in connection with the reply briefs.  (Id. ¶ 11.)  In short, the court exercises its discretion and applies a 10% "haircut," thus reducing the award by another $1,223.13.  See In re Smith, 586 F.3d 1169, 1174 (9th Cir. 2009) (stating that "the district court can impose a small reduction, no greater than 10-percent—a 'haircut'—based on its exercise of discretion") (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008)).

At bottom, Ford is entitled to a fee award under the anti-SLAPP statute, but not as much as she seeks.  The court awards Ford a total of $11,008.12 in attorneys' fees.

Accordingly, IT IS HEREBY ORDERED that:

1.Defendant Judy Ford's motion for anti-SLAPP-related attorneys' fees and costs is granted.

2.Defendant Judy Ford is awarded a total of $11,008.12 in attorneys' fees, to be paid jointly and severally by the following plaintiffs: Brent Allan Winters, Cacey Winters,

Christy Winters, Jennifer Winters, Jeremiah Winters,[5] and Susan Winters.

        IT IS SO ORDERED.

DATED: July 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Jeremiah Winters is no longer a plaintiff in this case.  However, as provided by separate order, Jeremiah Winters remains jointly and severally liable for this award of fees and costs. (Order, July 1, 2011, at 2-3, Dkt. No. 295.)

4