IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT ALLAN WINTERS,

        Plaintiffs,                  No. 2:09-cv-0522 JAM KJN PS

    v.

DELORES JORDAN, et al.,

        Defendants.          ORDER
_____/

        Presently before the court is a request made by the United States Marshals Service, Civil Division ("Marshal"), for reimbursement of its expenses incurred in connection with effectuating personal service of process on defendant Dewey Harpainter (see Dkt. Nos. 124-25).[1] The Marshal requests a total amount of $153 pursuant to Federal Rule of Civil Procedure 4(d) on the grounds that Harpainter failed to return the waiver of service form. The court ordered Harpainter to show good cause why he should not be ordered to reimburse the Marshal, and Harpainter filed a timely response to the court's order. (See Order, Apr. 11, 2012, Dkt. No. 334; Harpainter's Response, Dkt. No. 337.)

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

In regards to waivers of service, Federal Rule of Civil Procedure 4(d) provides, in relevant part:

> **(d) Waiving Service.**
>
> **(1) Requesting a Waiver.** An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. . . .
>
> **(2) Failure to Waive.** If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> **(A)** the expenses later incurred in making service; and
>
> **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2).

The record reflects that the Marshal mailed a waiver of service form to Harpainter at the law firm of Armstrong & Associates on December 16, 2009, but that Harpainter did not return the waiver form. (See Process Receipt & Return at 1, Dkt. No. 124.) Accordingly, the Marshal assigned the matter for personal service, and effectuated personal service on Harpainter on or about June 16, 2010, at a cost of $153. (Id.)

Harpainter does not contest the facts regarding personal service of process, except that he represents that he was personally served on June 18, 2010. (Harpainter's Response ¶ 6.) In regards to the waiver of service form, Harpainter explains that at some point prior to his appearance in this case, he left the firm of Armstrong & Associates and opened his own law firm; Harpainter provides no dates in regards to this move. (Id. ¶¶ 4-5.) In any event, Harpainter states that he is unaware of any attempts to serve him prior to June 2010, and that mail sent to Armstrong & Associates was processed by the clerical staff and distributed through the firm's owner. (Id. ¶ 8.)

////

The undersigned finds that Harpainter failed to waive service without good cause for such failure.  The record reflects that the Marshal sent the waiver form to Harpainter's correct office address.  (Compare Process Receipt & Return at 1, with Harpaitner's Response ¶ 4.)  At best, Harpainter implies that there might have been some mix-up at Harpainter's old firm in regards to distribution of the waiver form to him.  But that reason is insufficient to excuse Harpainter's duty to avoid unnecessary expenses in regards to service.

Accordingly, IT IS HEREBY ORDERED that:

1. The Marshal's request for reimbursement of service-related fees as to defendant Dewey Harpainter is granted.

2. Within 45 days of the date of this order, Harpainter shall pay to the United States Marshals Service the amount of $153.

3. Harpainter shall file a very brief notice of payment with the court within 14 days of such payment.

4. The Clerk of Court shall serve a copy of this order on the United States Marshals Service.

IT IS SO ORDERED.

DATED: July 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE