1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRENT WINTERS et al.,

11            Plaintiffs,                 No. 2:09-cv-00522 JAM KJN PS

12        v.

13   DELORES JORDAN et al.,

14            Defendants.                 <u>ORDER</u>
     _____/

15

16            Presently before the court is plaintiffs' "motion for leave to file objections to the

17   magistrate's findings and recommendations re: attorney fees for defendant Ford," filed on

18   September 7, 2012, accompanied by objections filed that same day.  (Dkt. Nos. 346, 347.)[1]  The

19   objections relate to the undersigned's July 10, 2012 order granting defendant Judy Ford's motion

20   for anti-SLAPP-related attorneys' fees and costs, and awarding defendant Ford $11,008.12 in

21   attorneys' fees.  (<u>See</u> Dkt. No. 341.)

22            As an initial matter, the court notes that defendant Ford's motion for anti-SLAPP-

23   related attorneys' fees was resolved by order, and that there are no findings and recommendations

24   to which objections may be filed.  Nevertheless, in light of plaintiffs' pro se status, the court

25   _____

26        [1]  This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
     U.S.C. § 636(b)(1).

                                          1

liberally construes plaintiffs' objections as a motion for reconsideration of the court's prior order.

With respect to motions for reconsideration, Local Rule 230(j) provides as follows:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
> (2) what ruling, decision, or order was made thereon;
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

E.D. Cal. L.R. 230(j).

In an attempt to justify their almost two-month delay in seeking reconsideration of the court's prior order on defendant Ford's motion for attorneys' fees, plaintiffs claim that they were unable to receive their mail, because a relative in another state became critically and incurably ill, and the plaintiffs responsible for picking up the mail were staying with that relative. (Dkt. No. 346.)  Although the court has sympathy for the apparent illness in plaintiffs' family, plaintiffs do not adequately explain why they did not arrange for mail to be forwarded or at least notify the court of the temporary change of address.  The Local Rules specify that "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."  E.D. Cal. L.R. 182(f).  Even though the undersigned, in its discretion, elects to consider the substance of plaintiffs' "objections" in this instance, plaintiffs are cautioned that the undersigned is not inclined to excuse any future failure to comply with Local Rule 182(f).

2

1    After considering plaintiffs' "objections," construed as a motion for

2 reconsideration, the court finds no basis for amending its prior order awarding attorneys' fees to

3 defendant Ford.  Although plaintiffs emphatically argue that the court abused its discretion in

4 awarding defendant Ford attorneys' fees pursuant to 42 U.S.C. § 1988, the court in fact awarded

5 defendant Ford attorneys' fees pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code

6 § 425.16.[2]  That statute provides, in part, that except in circumstances not present here, "a

7 prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's

8 fees and costs."  Cal. Civ. Proc. Code § 425.16(c) (emphasis added).  Because there is no

9 legitimate dispute that defendant Ford is a prevailing party in regards to her anti-SLAPP motion,

10 she is therefore entitled to attorneys' fees.  Furthermore, plaintiffs have not objected to the

11 court's analysis and findings with respect to the specific amount of fees awarded to defendant

12 Ford.  Therefore, the court concludes that there are no grounds to revise or amend its prior order.

13    Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

14    1.  Plaintiffs' "motion for leave to file objections to the magistrate's findings and

15 recommendations re: attorney fees for defendant Ford" (dkt. no. 346), construed as a request to

16 submit a late-filed motion for reconsideration, is GRANTED.

17    2.  Plaintiffs' "objections" (dkt. no. 347), construed as a motion for

18 reconsideration, are DENIED.

19 DATED:  September 21, 2012

20

21    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26    [2] The acronym "SLAPP" stands for "strategic lawsuit against public participation."
     Jarrow Formulas, Inc. v. La Marche, 31 Cal. 4th 728, 732 n.1 (2003).

3