UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT WINTERS, et al., | No. 2:09-cv-0522-JAM-KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| DELORES JORDAN, et al., | |
| Defendants. | |

    Presently pending before the court are five motions to compel supplemental answers to interrogatories propounded on plaintiffs Brent Winters, Cacey Winters, Christy Winters, Jennifer Winters, and Susan Winters by defendant Nevada County Adult Protective Services ("Nevada County"). (ECF Nos. 352, 354, 358, 361, 364.) The motions were initially noticed for hearing on September 12, 2013, but in light of the court's own unavailability on that date, the hearing on the motions was continued by minute order to September 19, 2013. (ECF No. 373.)

    Although the court presently takes no position with respect to the parties' substantive discovery dispute, it appears from defendant's motion papers that plaintiffs failed to meet and confer in good faith with respect to the parties' discovery disagreement and failed to participate in the preparation of a joint statement regarding the discovery disagreement in accordance with Local Rule 251. In particular, plaintiffs apparently failed to respond to defendant Nevada County's meet-and-confer letters, telephone calls, and e-mails.

1

Local Rule 251 provides, in part, that:

> [A] motion made pursuant to Fed. R. Civ. P. 26 through 37, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth differences and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel.

E.D. Cal. L.R. 251(b). Local Rule 251(c) sets forth the specific requirements for the contents of the parties' joint statement. Local Rule 251(d) provides that "[r]efusal of any counsel to participate in a discovery conference, or refusal without good cause to execute the required joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel." The court's Local Rules further provide that "[a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." E.D. Cal. L.R. 183(a).

In light of the above, plaintiffs are hereby ordered to meet and confer in good faith with defendant Nevada County with respect to defendant's motions to compel. The parties' meet-and-confer efforts shall include at least one personal meet-and-confer session, which may be conducted by telephone. If the parties are ultimately unable to resolve their dispute informally, the parties shall work together to prepare and file a joint statement regarding their discovery disagreement in accordance with Local Rule 251.[1] Apart from appropriate declarations setting forth necessary facts for purposes of adjudicating the discovery dispute, the court will not

---

[1] Because there is significant overlap between the interrogatories propounded on the various plaintiffs and the issues raised by plaintiffs' responses, the parties may file a single joint statement addressing all five motions to compel, grouping the various interrogatories/issues as appropriate.

consider any briefing or legal argument submitted other than what is contained in the parties' joint statement.

*Plaintiffs are cautioned that failure to cooperate in good faith in the meet-and-confer process; failure to cooperate with the preparation and filing of the joint statement regarding the discovery disagreement; or failure to otherwise comply with their obligations under Local Rule 251, the Federal Rules of Civil Procedure, and this order, will result in the imposition of sanctions pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure, potentially including a summary grant of defendant's motion to compel, monetary sanctions, and/or dismissal of the action with prejudice.*

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs shall meet and confer in good faith with defendant Nevada County with respect to defendant's motions to compel. The parties' meet-and-confer efforts shall include at least one personal meet-and-confer session, which may be conducted by telephone.

2. If the parties are unable to resolve their dispute informally, the parties shall prepare and file a joint statement regarding their discovery disagreement in accordance with Local Rule 251 and this order no later than **September 6, 2013**. The court will not consider any additional legal argument or briefing.

3. Plaintiffs are cautioned that failure to cooperate in good faith in the meet-and-confer process; failure to cooperate with the preparation and filing of the joint statement regarding the discovery disagreement; or failure to otherwise comply with their obligations under Local Rule 251, the Federal Rules of Civil Procedure, and this order, will result in the imposition of sanctions pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure, potentially including a summary grant of defendant's motion to compel, monetary sanctions, and/or dismissal of the action with prejudice.

IT IS SO ORDERED.

Dated: August 9, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE