1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                            FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   BRENT WINTERS, et al.,                          No.  2:09-cv-0522-JAM-KJN PS
12              Plaintiffs,
13        v.                                         ORDER
14   DELORES JORDAN, et al.,
15              Defendants.
16
17        Presently pending before the court are five motions to compel supplemental answers to
18   interrogatories propounded on plaintiffs Brent Winters, Cacey Winters, Christy Winters, Jennifer
19   Winters, and Susan Winters by defendant Nevada County Adult Protective Services ("Nevada
20   County").  (ECF Nos. 352, 354, 358, 361, 364.)  The motions are set for hearing before the
21   undersigned on September 19, 2013.  (ECF No. 373.)
22        In its motion papers, Nevada County stated that plaintiffs failed to meet and confer in
23   good faith with respect to the parties' discovery disagreement and failed to participate in the
24   preparation of a joint statement regarding the discovery disagreement in accordance with Local
25   Rule 251.  In particular, the motion specified that plaintiffs failed to respond to defendant Nevada
26   County's meet-and-confer letters, telephone calls, and e-mails.
27        Local Rule 251 provides, in part, that:
28            [A] motion made pursuant to Fed. R. Civ. P. 26 through 37,

1

> including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth differences and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel.

E.D. Cal. L.R. 251(b). Local Rule 251(c) sets forth the specific requirements for the contents of the parties' joint statement. Local Rule 251(d) provides that "[r]efusal of any counsel to participate in a discovery conference, or refusal without good cause to execute the required joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel." The court's Local Rules further provide that "[a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." E.D. Cal. L.R. 183(a).

In light of the above, on August 9, 2013, the court issued an order requiring plaintiffs to meet and confer in good faith with defendant Nevada County with respect to defendant's motions to compel. (ECF No. 374.) The court's order specified that the parties' meet-and-confer efforts must include at least one personal meet-and-confer session, which may be conducted by telephone. (Id.) It further specified that if the parties were unable to resolve their dispute informally, they were to prepare and file a joint statement regarding their discovery disagreement in accordance with Local Rule 251 no later than September 6, 2013. (Id.) The order also cautioned plaintiffs as follows:

> Plaintiffs are cautioned that failure to cooperate in good faith in the meet-and-confer process; failure to cooperate with the preparation and filing of the joint statement regarding the discovery disagreement; or failure to otherwise comply with their obligations under Local Rule 251, the Federal Rules of Civil Procedure, and this order, will result in the imposition of sanctions pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure,

2

> potentially including a summary grant of defendant's motion to compel, monetary sanctions, and/or dismissal of the action with prejudice.

(Id.)

Thereafter, on September 5, 2013, Nevada County filed a statement regarding the discovery disagreement, indicating that, as of the date of filing that statement, plaintiffs had not made any contact with Nevada County's counsel. According to counsel for Nevada County, he was able to reach plaintiff Cacey Winters by telephone on September 4, 2013, but Ms. Winters indicated that she was "in the middle of something" and unable to discuss the discovery disagreement. Nevada County's counsel reminded Ms. Casey Winters that a joint statement was due to the court by September 6, 2013, and Ms. Winters represented that she would contact her father, plaintiff Brent Winters, regarding Nevada County's request to meet and confer with plaintiffs regarding the discovery dispute. (ECF No. 375.) Later in the day on September 5, 2013, counsel for Nevada County filed a supplemental statement indicating that, after the filing of the earlier statement, he finally received calls from plaintiffs, who essentially represented that they were not willing to amend or supplement their responses to the discovery requests. (ECF No. 376.)

Regardless of the merits of the underlying discovery dispute, it is apparent that plaintiffs have failed to comply with the court's August 9, 2013 order. Although plaintiffs finally called counsel for Nevada County on September 5, 2013, almost a month after the court's order issued and one day before the joint statement was due, this did not allow for any meaningful meet-and-confer discussions. Moreover, plaintiffs failed to participate in the preparation and filing of a joint statement as required by the court's August 9, 2013 order and Local Rule 251. Additionally, the docket in this case reveals that plaintiffs have been cautioned several times for failure to comply with briefing deadlines and the Local Rules. (See, e.g. ECF Nos. 149, 170, 216, 224, 348.) Therefore, the court finds it appropriate to require each plaintiff to pay $100 in monetary sanctions within seven (7) days of this order. Plaintiffs may contact the Clerk's Office to make arrangements to pay the sanctions.

////

Additionally, in light of plaintiffs' failure to substantially comply with the court's August 9, 2013 order, the court requires <u>all plaintiffs</u> to <u>personally appear</u> at the September 19, 2013 hearing on the motions to compel.  No telephonic appearances will be permitted.  While the court is cognizant of the travel costs involved and have previously allowed plaintiffs, who reside outside of California, to appear by telephone, plaintiffs have forfeited their privilege to appear telephonically by virtue of their conduct with respect to this discovery dispute.  Moreover, plaintiffs can hardly claim to be significantly prejudiced by an order requiring them to personally appear for a hearing in the case, given that they elected to commence a lawsuit in this district.  At the hearing, plaintiffs shall be prepared to discuss the discovery dispute and why additional sanctions, including payment of Nevada County's attorneys' fees related to the motions to compel, should not be imposed.

In light of plaintiffs' conduct to date, the court could have recommended terminating sanctions at this juncture.  Nevertheless, given its desire to resolve plaintiffs' claims on the merits, the court first attempts the lesser sanctions outlined above.  However, plaintiffs are hereby cautioned and put on notice that failure to timely pay the monetary sanctions imposed by this order and/or failure to appear in person at the September 19, 2013 hearing by any plaintiff(s) will result in a recommendation that all claims of that plaintiff(s) in this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Within seven (7) days of this order, each plaintiff shall individually pay $100 in monetary sanctions based on their failure to substantially comply with the court's August 9, 2013 order and Local Rule 251.

2. **All plaintiffs** shall **personally appear** at the September 19, 2013 hearing on Nevada County's motions to compel, which will take place at 10:00 a.m. in Courtroom No. 25.  Plaintiffs shall be prepared to discuss the discovery dispute and why additional sanctions, including payment of Nevada County's attorneys' fees related to the motions to compel, should not be imposed.  <u>No telephonic appearances will be permitted.</u>

3. *Failure to timely pay the monetary sanctions imposed by this order and/or failure to appear in person at the September 19, 2013 hearing by any plaintiff(s) will result in a recommendation that all claims of that plaintiff(s) in this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

IT IS SO ORDERED

Dated:  September 6, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE