UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT WINTERS, et al., | No. 2:09-cv-0522-JAM-KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| DELORES JORDAN, et al., | |
| Defendants. | |

Presently pending before the court is defendant Adult Protective Services of Nevada County's ("Nevada County") five motions to compel supplemental answers to interrogatories propounded on each of the five plaintiffs. (ECF Nos. 352, 354, 358, 361, 364.) A hearing on the motions was conducted on September 19, 2013, at which Scott McLeran appeared on behalf of Nevada County and plaintiffs failed to appear. After consideration of all the filings submitted in connection with the motions, as well as counsel's argument at the hearing, the court now issues the following order.

BACKGROUND

This action was initially commenced on February 23, 2009. (ECF No. 1.) After a fairly convoluted procedural history, a pretrial scheduling order was finally entered on March 21, 2012. (ECF No. 331.) According to the scheduling order, the discovery completion deadline is January 31, 2014; the law and motion completion deadline is April 10, 2014; and the pre-trial conference

and jury trial before the district judge is scheduled for July 18, 2014, and August 25, 2014, respectively. (Id.)

On August 27, 2012, Nevada County propounded interrogatories on all plaintiffs, and received responses to those interrogatories on October 1, 2012. (ECF No. 375 at 2.) On June 26, 2013, counsel for Nevada County sent plaintiffs a letter advising that plaintiffs' responses to the interrogatories were inadequate in various respects and requesting meet-and-confer discussions regarding the responses, or alternatively, supplemental answers by July 15, 2013. According to the statement regarding the discovery dispute filed by Nevada County and declarations filed by Nevada County's counsel, plaintiffs failed to respond to that letter as well as a subsequent phone call and e-mail. (Id.; Declarations of Scott A. McLeran in support of motions to compel, ECF Nos. 356, 357, 360, 363, 366, Exs. C & D.)

Consequently, on August 7, 2013, Nevada County filed the presently pending five motions to compel supplemental answers to the interrogatories propounded on each of the five plaintiffs. (ECF Nos. 352, 354, 358, 361, 364.) The motions were initially noticed for hearing on September 12, 2013, but due to the court's own unavailability, the hearing on the motions was reset for September 19, 2013. (ECF No. 373.)

Because plaintiffs had essentially ignored Nevada County's attempts to informally meet and confer regarding the discovery dispute prior to the filing of Nevada County's motions, the court issued an order on August 9, 2013, requiring plaintiffs to meet and confer in good faith with defendant Nevada County with respect to its motions to compel (including at least one personal meet-and-confer session by telephone). In the event that the parties were unable to resolve their dispute informally, the court also ordered the parties to prepare and file a joint statement regarding their discovery disagreement in accordance with Local Rule 251 no later than September 6, 2013. Plaintiffs were specifically cautioned that "failure to cooperate in good faith in the meet-and confer process; failure to cooperate with the preparation and filing of the joint statement regarding the discovery disagreement; or failure to otherwise comply with their obligations under Local Rule 251, the Federal Rules of Civil Procedure, and [the court's] order, will result in the imposition of sanctions pursuant to Rules 37 and 41(b) of the Federal Rules of

Civil Procedure, potentially including a summary grant of defendant's motion to compel, monetary sanctions, and/or dismissal of the action with prejudice." (See ECF No. 374.)

Thereafter, on September 5, 2013, Nevada County filed a statement regarding the discovery disagreement. (ECF No. 375.) The statement, which was drafted without plaintiffs' input, addressed the various issues presented by the motions to compel, and also indicated that, as of the time of filing that statement, plaintiffs had not made any contact with Nevada County's counsel. According to counsel for Nevada County, he was able to reach plaintiff Cacey Winters by telephone on September 4, 2013, but Ms. Winters indicated that she was "in the middle of something" and unable to discuss the discovery disagreement. Nevada County's counsel reminded Ms. Casey Winters that a joint statement was due to the court by September 6, 2013, and Ms. Winters represented that she would contact her father, plaintiff Brent Winters, regarding Nevada County's request to meet and confer with plaintiffs regarding the discovery dispute. (ECF No. 375 at 2-3.) Later in the day on September 5, 2013, counsel for Nevada County filed a supplemental statement indicating that, after the filing of the earlier statement, he had finally received calls from plaintiffs, who essentially represented that they were not willing to amend or supplement their responses to the discovery requests and would await the court's ruling as to the various issues. (ECF No. 376.)

On September 6, 2013, the court issued an order requiring plaintiffs to each pay $100 in monetary sanctions based on their failure to substantially comply with the court's August 9, 2013 order and Local Rule 251. (ECF No. 377.) The court reasoned that:

> Although plaintiffs finally called counsel for Nevada County on September 5, 2013, almost a month after the court's order issued and one day before the joint statement was due, this did not allow for any meaningful meet-and-confer discussions. Moreover, plaintiffs failed to participate in the preparation and filing of a joint statement as required by the court's August 9, 2013 order and Local Rule 251. Additionally, the docket in this case reveals that plaintiffs have been cautioned several times for failure to comply with briefing deadlines and the Local Rules. (See, e.g. ECF Nos. 149, 170, 216, 224, 348.)

(Id.) Additionally, the court required all plaintiffs to personally appear at the September 19, 2013 hearing on the motions to compel. The court observed:

3

> While the court is cognizant of the travel costs involved and have previously allowed plaintiffs, who reside outside of California, to appear by telephone, plaintiffs have forfeited their privilege to appear telephonically by virtue of their conduct with respect to this discovery dispute. Moreover, plaintiffs can hardly claim to be significantly prejudiced by an order requiring them to personally appear for a hearing in the case, given that they elected to commence a lawsuit in this district. At the hearing, plaintiffs shall be prepared to discuss the discovery dispute and why additional sanctions, including payment of Nevada County's attorneys' fees related to the motions to compel, should not be imposed.
>
> In light of plaintiffs' conduct to date, the court could have recommended terminating sanctions at this juncture. Nevertheless, given its desire to resolve plaintiffs' claims on the merits, the court first attempts the lesser sanctions outlined above. However, plaintiffs are hereby cautioned and put on notice that failure to timely pay the monetary sanctions imposed by this order and/or failure to appear in person at the September 19, 2013 hearing by any plaintiff(s) will result in a recommendation that all claims of that plaintiff(s) in this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

(Id.)[1]

Subsequently, on September 10, 2013, plaintiffs filed what they styled as a "Notice of Compliance and Joint Statement re Discovery Disagreement." (ECF No. 379.)[2] In that filing, plaintiffs contended that their telephone calls to Nevada County's counsel on September 5, 2013, the day before the joint statement was due, complied with the court's order to "meet and confer in good faith with defendant Nevada County with respect to defendant's motions to compel," that was to "include at least one personal meet-and-confer session, which may be conducted by telephone." (Id.; ECF No. 374.) Plaintiffs' statement also provided some discussion regarding plaintiffs' position with respect to the underlying discovery dispute. (ECF No. 379.)

Thereafter, on September 13, 2013, the court issued an order clarifying that, despite plaintiffs' September 10, 2013 "Notice of Compliance and Joint Statement re Discovery

---

[1] The court's September 6, 2013 order was served on all plaintiffs by mail, and the undersigned's courtroom deputy that same day also provided plaintiff Cacey Winters, who had previously inquired regarding the possibility of a telephonic appearance at the hearing, with a courtesy telephonic notice of the order and its docket text. (ECF No. 378.)

[2] Although plaintiffs' "joint statement" was filed jointly by all plaintiffs, it did not include any input from defendant Nevada County.

4

Disagreement," all provisions of the court's September 6, 2013 order remained in full effect. (ECF No. 380.) The order cautioned that "[f]ailure to timely pay the monetary sanctions imposed by the September 6, 2013 order and/or failure to appear in person at the September 19, 2013 hearing by any plaintiff(s) will result in a recommendation that all claims of that plaintiff(s) in this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)[3]

That same day, plaintiffs paid the $500 in total monetary sanctions imposed and filed a notice of compliance to that effect. (ECF No. 382.) Subsequently, on September 17, 2013, plaintiffs filed objections to the court's September 6, 2013 and September 13, 2013 orders, which will be addressed below. (ECF No. 383.) As noted above, plaintiffs failed to appear for the hearing on September 19, 2013.

DISCUSSION

The court first addresses plaintiff's objections filed on September 17, 2013, and then outlines the procedure by which Nevada County's motions to compel and further discovery in this case will be addressed.

Plaintiff's Objections to the September 6, 2013 and September 13, 2013 orders

Plaintiffs object to the court's imposition of monetary sanctions, arguing that they did in fact meet and confer in good faith with counsel for Nevada County on September 5, 2013, and that they timely filed their "joint statement" on September 6, 2013. For the reasons discussed below, the court disagrees and overrules plaintiffs' objections.

As an initial matter, plaintiffs finally called counsel for Nevada County on September 5, 2013, almost a month after the court's August 9, 2013 order requiring further meet-and-confer efforts issued and one day before the joint statement was due. This did not allow for any meaningful meet-and-confer discussions, and certainly did not allow for the drafting of a true joint statement contemplated by Local Rule 251. Although plaintiffs, in conclusory fashion, label

---

[3] The court's September 13, 2013 order was served on plaintiffs by mail. However, the undersigned's courtroom deputy also attempted to provide telephonic courtesy notice of the order and docket text to plaintiffs at the available telephone numbers listed on the docket. The courtroom deputy was able to leave a voicemail message for plaintiff Cacey Winters, but upon dialing the numbers for plaintiffs Brent Winters and Susan Winters, was informed that they were wrong numbers. (ECF No. 381.)

5

the discussions as "meaningful" and "in good faith," plaintiffs' own declarations show that, on September 5, 2013, plaintiff Susan Winters called Nevada County's counsel at 3:01 p.m.; plaintiffs Cacey, Jennifer, and Christy Winters called Nevada County's counsel at 3:41 p.m.; and plaintiff Brent Winters called Nevada County's counsel at 3:55 p.m.  (ECF No. 383 at 10-14.)  Given the spacing of the phone calls (which all occurred in the time span of about an hour) and the substantial number of responses at issue in Nevada County's five motions to compel, the court has grave doubts as to whether the discussions were truly thorough, substantive, and meaningful.  Indeed, the parties' own filings demonstrate that they failed to reach agreement on any request.  Instead, in the course of those discussions plaintiffs essentially represented, as they continue to do, that they were not willing to amend or supplement their responses to the discovery requests and would instead await the court's ruling as to the various issues.  (ECF Nos. 376, 379, 383.)

Plaintiffs' argument that their last-minute September 5, 2013 phone calls constituted technical compliance with the court's order is not persuasive.  The court's order required plaintiffs to "meet and confer *in good faith* with defendant Nevada County with respect to defendant's motions to compel."  (ECF No. 374 at 3) (emphasis added).  Although the court's order also specified that the parties' meet-and-confer efforts "shall include at least one personal meet-and-confer session, which may be conducted by telephone," (id.), this provision merely required the parties to have some personal discussions as opposed to a mere exchange of letters.  That provision by no means displaced the general requirement that plaintiffs meet and confer in good faith, which was not complied with for the reasons discussed above.

Plaintiffs also suggest that it was counsel for Nevada County's obligation to initiate meet-and-confer correspondence with plaintiffs in accordance with Local Rule 251.  However, this argument ignores the procedural history of this discovery dispute.  While Local Rule 251 generally makes counsel for the moving party responsible for arranging a meet-and-confer session related to a discovery motion, counsel for Nevada County previously did so by contacting plaintiffs via letter, e-mail, and phone. (Declarations of Scott A. McLeran in support of motions to compel, ECF Nos. 356, 357, 360, 363, 366, Exs. C & D.)  Because plaintiffs did not respond to this correspondence, sent to their addresses of record and other contact information provided on

court filings, the court issued the August 9, 2013 order, which stated: "*Plaintiffs* shall meet and confer in good faith with defendant Nevada County with respect to defendants' motions to compel." (ECF No. 374 at 3) (emphasis added). Plaintiffs' interpretation of that order, which is apparently that they could just sit back and wait for Nevada County's counsel to contact them, is plainly not reasonable.

Moreover, plaintiffs also violated the court's August 9, 2013 order in other respects. The order required the parties to "prepare and file a joint statement regarding their discovery disagreement in accordance with Local Rule 251 and [the court's August 9, 2013 order] no later than September 6, 2013." (ECF No. 374 at 3.)

Although plaintiffs claim that they filed a "joint statement" in compliance with the court's order, plaintiffs' statement was not filed jointly with the opposing party, Nevada County, and does not even remotely comply with the substantive and content requirements of Local Rule 251(c). (ECF No. 379.) This filing defeats the primary purpose of Local Rule 251, which is to allow the court to review both parties' positions with respect to the discovery issues in a single joint statement. Even though plaintiffs are proceeding without counsel, the court's August 9, 2013 order specifically referred plaintiffs to Local Rule 251 and the content requirements of Local Rule 251(c). (ECF No. 374 at 2.)

Plaintiffs' non-compliant "joint statement" was also untimely filed. The court's docket reveals that the court only received the statement on September 10, 2013, whereas the parties' joint statement was due on September 6, 2013. Plaintiffs' objections essentially concede that they only mailed their "joint statement" on September 6, 2013 from Illinois (ECF No. 383 at 2), but argue that it was nonetheless timely received by the court on September 10, 2013, because "Rule 29" purportedly requires that plaintiffs be allowed at least three days beyond the filing deadline for their filing to arrive at the court. Plaintiffs are mistaken. Federal Rule of Civil Procedure 29 governs stipulations about discovery procedure, but does not provide for any such automatic three-day extension.[4] It is plaintiffs' obligation to ensure that their court filings are received by

---

[4] Federal Rule of Civil Procedure 6(d) provides that, "[w]hen a party may or must act within a specific time *after service* and service is made under Rule 5(b)(2)(C), (D), (E), or (F) [which

7

the court no later than the filing deadline. Merely depositing a court filing in the mail on the filing deadline does not constitute compliance with the court's order.[5]

Therefore, in light of plaintiffs' failure to comply with Local Rule 251 and the court's orders, the imposition of monetary sanctions was warranted, and the court overrules plaintiffs' objections as to the monetary sanctions.[6] Precisely because plaintiffs are proceeding in forma pauperis, the court imposed only minimal monetary sanctions ($100 per plaintiff), which the court finds more than generous in light of plaintiffs' conduct thus far.

Finally, plaintiffs also object to the court requiring plaintiffs to attend the September 19, 2013 hearing in person. Although the court observed that plaintiffs have forfeited their privilege to appear telephonically by virtue of their conduct with respect to the discovery dispute, the primary purpose for requiring plaintiffs to appear in person was not a punitive one. Instead, the court, in light of plaintiffs' pro se status, wanted to take the opportunity to personally discuss plaintiffs' discovery obligations with them and provide suitable guidance to the parties so as to avoid further unnecessary discovery disputes. Furthermore, as discussed below, at least some of the issues raised by the parties' discovery dispute appear to be susceptible to resolution through a

---

includes service by mail], three days are added after the period would otherwise expire under Rule 6(a)." However, the court's August 9, 2013 order did not require the parties to file a statement "within a specific time after service" of the order – it required a joint statement to be filed by a firm date of September 6, 2013. As such, Federal Rule of Civil Procedure 6(d) does not apply in this case.

[5] In that regard, the court also rejects plaintiffs' argument that they are disadvantaged by not having electronic filing privileges in this case. The court's August 9, 2013 order afforded plaintiffs with plenty of time to meet and confer with Nevada County and file a joint statement by September 6, 2013. Any difficulty plaintiffs encountered with meeting the September 6, 2013 deadline was the result of their own stalling – not lack of electronic filing privileges. In their objections filed September 17, 2013, plaintiffs renew their request to be granted electronic filing privileges. (ECF No. 383 at 8.) For the reasons discussed in the court's February 3, 2011 order (ECF No. 224), that request is denied.

[6] Plaintiffs' contention that the court somehow "jumped the gun" by imposing sanctions on September 6, 2013, the deadline for compliance with the court's August 9, 2013 order, is without merit. To this day, plaintiffs have not met and conferred in good faith with Nevada County or filed a joint statement that complies with Local Rule 251 or the court's August 9, 2013 order. As such, even if the court were to reconsider its order at this juncture, the court finds the sanctions imposed to have been appropriate.

8

face-to-face meet-and-confer session, which the court envisioned could take place under court supervision at the courthouse.

In their objections, plaintiffs assert that it was financially impossible for them to attend the September 19, 2013 hearing in light of their in forma pauperis status and because they could not find affordable airfare at short notice. The court is not unsympathetic to plaintiffs' financial concerns, and will attempt to provide some accommodations to the extent possible, as discussed below. However, the mere fact that plaintiffs are proceeding in forma pauperis does not entitle them to make telephonic appearances. In the past, the court has accommodated plaintiffs by permitting telephonic appearances when appropriate, but there are certain hearings, such as the hearing on the instant motions, for which personal appearances are necessary in light of the history and nature of the parties' dispute. Furthermore, at some point, plaintiffs will conceivably need to make other personal appearances for depositions, the pre-trial conference, and trial. While the court appreciates that plaintiffs may not have had another venue in which to bring their action, they have nonetheless chosen to initiate a lawsuit in this district and must personally appear for hearings and conferences when deemed necessary by the court.

Accordingly, for the reasons stated above, plaintiffs' objections are overruled. The court now turns to the procedure by which Nevada County's motions to compel and further discovery in this case will be addressed.

Future Proceedings For Resolution of Pending Motions to Compel and Discovery Conference

After reviewing the parties' filings, and after further discussions with Nevada County's counsel at the September 19, 2013 hearing, the court continues the hearing on Nevada County's motions to compel to Thursday October 24, 2013, at 10:00 a.m., in Courtroom No. 25. The court finds this continued hearing to be appropriate for several reasons.

First, in light of plaintiffs' pro se status, the court finds it necessary to personally discuss plaintiffs' discovery responses with them and provide suitable guidance to the parties so as to avoid further unnecessary discovery disputes. As an initial matter, plaintiffs' objections as to the number of interrogatories (and the counting of subparts) appear not well taken. Generally,

interrogatory subparts are to be counted as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." Safeco of America v. Rawstrom, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citing Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685 (D. Nev. 1997). Furthermore, "[r]esponding to an interrogatory with a reference to another interrogatory or to a document or pleading is improper." Pacific Lumber Co. v. National Union Fire Ins. Co., 2005 WL 318811, at *4 (N.D. Cal. Jan 5, 2005) (unpublished); see also Mulero-Abreu v. Puerto Rico Police Dep't, 675 F.3d 88, 93 (1st Cir. 2012). Nevertheless, the court makes no final decision at this juncture, and will allow plaintiffs an opportunity to further explain their position at the hearing.

Second, the court finds that at least some of the issues concerning the interrogatory responses could likely be resolved through a proper, face-to-face meet-and-confer session conducted under court supervision in conjunction with the hearing. For example, in order to address plaintiffs' privacy and safety concerns with respect to Interrogatory No. 2, the parties may be able to agree that plaintiffs could provide their docket address of record as their present address, provided that plaintiffs are willing to stipulate that any notices, subpoenas etc. would be deemed properly served if mailed to that address.

Third, the court concludes that it would be appropriate to conduct a discovery conference in this matter at the same time as the hearing on the motions to compel, with plaintiffs and counsel for all remaining defendants ordered to be present. The court and parties will then discuss future intended discovery, scheduling of depositions, the parties' availability, etc. in an effort to streamline discovery and avoid unnecessary disputes.

The court is cognizant of plaintiffs' financial concerns, but nonetheless finds it essential, for the reasons discussed above, to require all plaintiffs and remaining defendants to appear personally at the October 24, 2013 hearing and discovery conference. In light of plaintiffs' past failures to comply with the Local Rules and the court's orders, and in particular their sanctionable failure to appear at the September 19, 2013 hearing, the court is inclined to impose $1,000 in monetary sanctions against each plaintiff. However, due to plaintiffs' financial circumstances, the court finds that such funds would be better spent on plaintiffs securing transportation to

Sacramento for the hearing and discovery conference. Additionally, the court sets the hearing out by approximately one month in order to permit plaintiffs to avoid purchasing potentially more expensive transportation on a last-minute basis.

CONCLUSION

For the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiffs' objections (ECF No. 383) are OVERRULED.

2. Plaintiffs' renewed request for electronic filing privileges (ECF No. 383) is DENIED.

3. A hearing on Nevada County's motions to compel, as well as a discovery conference in this matter, are set for Thursday October 24, 2013, at 10:00 a.m., in Courtroom No. 25.

4. **All plaintiffs** and **all remaining defendants** (or counsel for those defendants) shall personally appear at the October 24, 2013 hearing and discovery conference. No telephonic appearances will be permitted.

5. For purposes of the discovery conference, all parties and counsel shall have their calendars readily available for scheduling.

6. *Failure of any party to personally appear at the status conference will result in the imposition of sanctions, including monetary sanctions and/or a recommendation that the action (or non-appearing party's claims) be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

IT IS SO ORDERED.

Dated: September 23, 2013

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE