1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRENT WINTERS, et al.,                    No.  2:09-cv-0522-JAM-KJN PS

12              Plaintiffs,

13       v.                                     ORDER

14   DELORES JORDAN, et al.,

15              Defendants.

16

17          Presently pending before the court is defendant Adult Protective Services of Nevada

18   County's ("Nevada County") five motions to compel supplemental answers to interrogatories

19   propounded on each of the five plaintiffs.  (ECF Nos. 352, 354, 358, 361, 364.)  A hearing on the

20   motions was conducted on September 19, 2013, at which Scott McLeran appeared on behalf of

21   Nevada County and plaintiffs failed to appear.  After consideration of all the filings submitted in

22   connection with the motions, as well as counsel's argument at the hearing, the court now issues

23   the following order.

24   BACKGROUND

25          This action was initially commenced on February 23, 2009.  (ECF No. 1.)  After a fairly

26   convoluted procedural history, a pretrial scheduling order was finally entered on March 21, 2012.

27   (ECF No. 331.)  According to the scheduling order, the discovery completion deadline is January

28   31, 2014; the law and motion completion deadline is April 10, 2014; and the pre-trial conference

1  and jury trial before the district judge is scheduled for July 18, 2014, and August 25, 2014,

2  respectively.  (Id.)

3       On August 27, 2012, Nevada County propounded interrogatories on all plaintiffs, and

4  received responses to those interrogatories on October 1, 2012.  (ECF No. 375 at 2.)  On June 26,

5  2013, counsel for Nevada County sent plaintiffs a letter advising that plaintiffs' responses to the

6  interrogatories were inadequate in various respects and requesting meet-and-confer discussions

7  regarding the responses, or alternatively, supplemental answers by July 15, 2013.  According to

8  the statement regarding the discovery dispute filed by Nevada County and declarations filed by

9  Nevada County's counsel, plaintiffs failed to respond to that letter as well as a subsequent phone

10  call and e-mail.  (Id.; Declarations of Scott A. McLeran in support of motions to compel, ECF

11  Nos. 356, 357, 360, 363, 366, Exs. C & D.)

12       Consequently, on August 7, 2013, Nevada County filed the presently pending five

13  motions to compel supplemental answers to the interrogatories propounded on each of the five

14  plaintiffs.  (ECF Nos. 352, 354, 358, 361, 364.)  The motions were initially noticed for hearing on

15  September 12, 2013, but due to the court's own unavailability, the hearing on the motions was

16  reset for September 19, 2013.  (ECF No. 373.)

17       Because plaintiffs had essentially ignored Nevada County's attempts to informally meet

18  and confer regarding the discovery dispute prior to the filing of Nevada County's motions, the

19  court issued an order on August 9, 2013, requiring plaintiffs to meet and confer in good faith with

20  defendant Nevada County with respect to its motions to compel (including at least one personal

21  meet-and-confer session by telephone).  In the event that the parties were unable to resolve their

22  dispute informally, the court also ordered the parties to prepare and file a joint statement

23  regarding their discovery disagreement in accordance with Local Rule 251 no later than

24  September 6, 2013.  Plaintiffs were specifically cautioned that "failure to cooperate in good faith

25  in the meet-and confer process; failure to cooperate with the preparation and filing of the joint

26  statement regarding the discovery disagreement; or failure to otherwise comply with their

27  obligations under Local Rule 251, the Federal Rules of Civil Procedure, and [the court's] order,

28  will result in the imposition of sanctions pursuant to Rules 37 and 41(b) of the Federal Rules of

1    Civil Procedure, potentially including a summary grant of defendant's motion to compel,

2    monetary sanctions, and/or dismissal of the action with prejudice."  (See ECF No. 374.)

3           Thereafter, on September 5, 2013, Nevada County filed a statement regarding the

4    discovery disagreement.  (ECF No. 375.)  The statement, which was drafted without plaintiffs'

5    input, addressed the various issues presented by the motions to compel, and also indicated that, as

6    of the time of filing that statement, plaintiffs had not made any contact with Nevada County's

7    counsel.  According to counsel for Nevada County, he was able to reach plaintiff Cacey Winters

8    by telephone on September 4, 2013, but Ms. Winters indicated that she was "in the middle of

9    something" and unable to discuss the discovery disagreement.  Nevada County's counsel

10   reminded Ms. Casey Winters that a joint statement was due to the court by September 6, 2013,

11   and Ms. Winters represented that she would contact her father, plaintiff Brent Winters, regarding

12   Nevada County's request to meet and confer with plaintiffs regarding the discovery dispute.

13   (ECF No. 375 at 2-3.)  Later in the day on September 5, 2013, counsel for Nevada County filed a

14   supplemental statement indicating that, after the filing of the earlier statement, he had finally

15   received calls from plaintiffs, who essentially represented that they were not willing to amend or

16   supplement their responses to the discovery requests and would await the court's ruling as to the

17   various issues.  (ECF No. 376.)

18          On September 6, 2013, the court issued an order requiring plaintiffs to each pay $100 in

19   monetary sanctions based on their failure to substantially comply with the court's August 9, 2013

20   order and Local Rule 251.  (ECF No. 377.)  The court reasoned that:

21              Although plaintiffs finally called counsel for Nevada County on
                September 5, 2013, almost a month after the court's order issued
22              and one day before the joint statement was due, this did not allow
                for any meaningful meet-and-confer discussions.  Moreover,
23              plaintiffs failed to participate in the preparation and filing of a joint
                statement as required by the court's August 9, 2013 order and Local
24              Rule 251.  Additionally, the docket in this case reveals that
                plaintiffs have been cautioned several times for failure to comply
25              with briefing deadlines and the Local Rules.  (See, e.g. ECF Nos.
                149, 170, 216, 224, 348.)
26

27   (Id.)  Additionally, the court required all plaintiffs to personally appear at the September 19, 2013

28   hearing on the motions to compel.  The court observed:

3

1
2
3
4
5
6

While the court is cognizant of the travel costs involved and have previously allowed plaintiffs, who reside outside of California, to appear by telephone, plaintiffs have forfeited their privilege to appear telephonically by virtue of their conduct with respect to this discovery dispute.  Moreover, plaintiffs can hardly claim to be significantly prejudiced by an order requiring them to personally appear for a hearing in the case, given that they elected to commence a lawsuit in this district.  At the hearing, plaintiffs shall be prepared to discuss the discovery dispute and why additional sanctions, including payment of Nevada County's attorneys' fees related to the motions to compel, should not be imposed.

7
8
9
10
11
12

In light of plaintiffs' conduct to date, the court could have recommended terminating sanctions at this juncture.  Nevertheless, given its desire to resolve plaintiffs' claims on the merits, the court first attempts the lesser sanctions outlined above.  However, plaintiffs are hereby cautioned and put on notice that failure to timely pay the monetary sanctions imposed by this order and/or failure to appear in person at the September 19, 2013 hearing by any plaintiff(s) will result in a recommendation that all claims of that plaintiff(s) in this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

13   (Id.)[1]

14   Subsequently, on September 10, 2013, plaintiffs filed what they styled as a "Notice of

15   Compliance and Joint Statement re Discovery Disagreement."  (ECF No. 379.)[2]  In that filing,

16   plaintiffs contended that their telephone calls to Nevada County's counsel on September 5, 2013,

17   the day before the joint statement was due, complied with the court's order to "meet and confer in

18   good faith with defendant Nevada County with respect to defendant's motions to compel," that

19   was to "include at least one personal meet-and-confer session, which may be conducted by

20   telephone."  (Id.; ECF No. 374.)  Plaintiffs' statement also provided some discussion regarding

21   plaintiffs' position with respect to the underlying discovery dispute.  (ECF No. 379.)

22   Thereafter, on September 13, 2013, the court issued an order clarifying that, despite

23   plaintiffs' September 10, 2013 "Notice of Compliance and Joint Statement re Discovery

24
25
26

[1] The court's September 6, 2013 order was served on all plaintiffs by mail, and the undersigned's courtroom deputy that same day also provided plaintiff Cacey Winters, who had previously inquired regarding the possibility of a telephonic appearance at the hearing, with a courtesy telephonic notice of the order and its docket text.  (ECF No. 378.)

27
28

[2] Although plaintiffs' "joint statement" was filed jointly by all plaintiffs, it did not include any input from defendant Nevada County.

4

1    Disagreement," all provisions of the court's September 6, 2013 order remained in full effect.

2    (ECF No. 380.)  The order cautioned that "[f]ailure to timely pay the monetary sanctions imposed

3    by the September 6, 2013 order and/or failure to appear in person at the September 19, 2013

4    hearing by any plaintiff(s) will result in a recommendation that all claims of that plaintiff(s) in

5    this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)[3]

6        That same day, plaintiffs paid the $500 in total monetary sanctions imposed and filed a

7    notice of compliance to that effect.  (ECF No. 382.)  Subsequently, on September 17, 2013,

8    plaintiffs filed objections to the court's September 6, 2013 and September 13, 2013 orders, which

9    will be addressed below.  (ECF No. 383.)  As noted above, plaintiffs failed to appear for the

10   hearing on September 19, 2013.

11   DISCUSSION

12       The court first addresses plaintiff's objections filed on September 17, 2013, and then

13   outlines the procedure by which Nevada County's motions to compel and further discovery in this

14   case will be addressed.

15           Plaintiff's Objections to the September 6, 2013 and September 13, 2013 orders

16       Plaintiffs object to the court's imposition of monetary sanctions, arguing that they did in

17   fact meet and confer in good faith with counsel for Nevada County on September 5, 2013, and

18   that they timely filed their "joint statement" on September 6, 2013.  For the reasons discussed

19   below, the court disagrees and overrules plaintiffs' objections.

20       As an initial matter, plaintiffs finally called counsel for Nevada County on September 5,

21   2013, almost a month after the court's August 9, 2013 order requiring further meet-and-confer

22   efforts issued and one day before the joint statement was due.  This did not allow for any

23   meaningful meet-and-confer discussions, and certainly did not allow for the drafting of a true

24   joint statement contemplated by Local Rule 251.  Although plaintiffs, in conclusory fashion, label

---

25   [3] The court's September 13, 2013 order was served on plaintiffs by mail.  However, the
26   undersigned's courtroom deputy also attempted to provide telephonic courtesy notice of the order
     and docket text to plaintiffs at the available telephone numbers listed on the docket.  The
27   courtroom deputy was able to leave a voicemail message for plaintiff Cacey Winters, but upon
     dialing the numbers for plaintiffs Brent Winters and Susan Winters, was informed that they were
28   wrong numbers.  (ECF No. 381.)

1   the discussions as "meaningful" and "in good faith," plaintiffs' own declarations show that, on

2   September 5, 2013, plaintiff Susan Winters called Nevada County's counsel at 3:01 p.m.;

3   plaintiffs Cacey, Jennifer, and Christy Winters called Nevada County's counsel at 3:41 p.m.; and

4   plaintiff Brent Winters called Nevada County's counsel at 3:55 p.m. (ECF No. 383 at 10-14.)

5   Given the spacing of the phone calls (which all occurred in the time span of about an hour) and

6   the substantial number of responses at issue in Nevada County's five motions to compel, the court

7   has grave doubts as to whether the discussions were truly thorough, substantive, and meaningful.

8   Indeed, the parties' own filings demonstrate that they failed to reach agreement on any request.

9   Instead, in the course of those discussions plaintiffs essentially represented, as they continue to

10  do, that they were not willing to amend or supplement their responses to the discovery requests

11  and would instead await the court's ruling as to the various issues. (ECF Nos. 376, 379, 383.)

12      Plaintiffs' argument that their last-minute September 5, 2013 phone calls constituted

13  technical compliance with the court's order is not persuasive. The court's order required

14  plaintiffs to "meet and confer *in good faith* with defendant Nevada County with respect to

15  defendant's motions to compel." (ECF No. 374 at 3) (emphasis added). Although the court's

16  order also specified that the parties' meet-and-confer efforts "shall include at least one personal

17  meet-and-confer session, which may be conducted by telephone," (id.), this provision merely

18  required the parties to have some personal discussions as opposed to a mere exchange of letters.

19  That provision by no means displaced the general requirement that plaintiffs meet and confer in

20  good faith, which was not complied with for the reasons discussed above.

21      Plaintiffs also suggest that it was counsel for Nevada County's obligation to initiate meet-

22  and-confer correspondence with plaintiffs in accordance with Local Rule 251. However, this

23  argument ignores the procedural history of this discovery dispute. While Local Rule 251

24  generally makes counsel for the moving party responsible for arranging a meet-and-confer

25  session related to a discovery motion, counsel for Nevada County previously did so by contacting

26  plaintiffs via letter, e-mail, and phone. (Declarations of Scott A. McLeran in support of motions

27  to compel, ECF Nos. 356, 357, 360, 363, 366, Exs. C & D.) Because plaintiffs did not respond to

28  this correspondence, sent to their addresses of record and other contact information provided on

6

1   court filings, the court issued the August 9, 2013 order, which stated: "*Plaintiffs* shall meet and

2   confer in good faith with defendant Nevada County with respect to defendants' motions to

3   compel."  (ECF No. 374 at 3) (emphasis added).  Plaintiffs' interpretation of that order, which is

4   apparently that they could just sit back and wait for Nevada County's counsel to contact them, is

5   plainly not reasonable.

6        Moreover, plaintiffs also violated the court's August 9, 2013 order in other respects.  The

7   order required the parties to "prepare and file a joint statement regarding their discovery

8   disagreement in accordance with Local Rule 251 and [the court's August 9, 2013 order] no later

9   than September 6, 2013."  (ECF No. 374 at 3.)

10        Although plaintiffs claim that they filed a "joint statement" in compliance with the court's

11   order, plaintiffs' statement was not filed jointly with the opposing party, Nevada County, and

12   does not even remotely comply with the substantive and content requirements of Local Rule

13   251(c).  (ECF No. 379.)  This filing defeats the primary purpose of Local Rule 251, which is to

14   allow the court to review both parties' positions with respect to the discovery issues in a single

15   joint statement.  Even though plaintiffs are proceeding without counsel, the court's August 9,

16   2013 order specifically referred plaintiffs to Local Rule 251 and the content requirements of

17   Local Rule 251(c).  (ECF No. 374 at 2.)

18        Plaintiffs' non-compliant "joint statement" was also untimely filed.  The court's docket

19   reveals that the court only received the statement on September 10, 2013, whereas the parties'

20   joint statement was due on September 6, 2013.  Plaintiffs' objections essentially concede that they

21   only mailed their "joint statement" on September 6, 2013 from Illinois (ECF No. 383 at 2), but

22   argue that it was nonetheless timely received by the court on September 10, 2013, because "Rule

23   29" purportedly requires that plaintiffs be allowed at least three days beyond the filing deadline

24   for their filing to arrive at the court.  Plaintiffs are mistaken.  Federal Rule of Civil Procedure 29

25   governs stipulations about discovery procedure, but does not provide for any such automatic

26   three-day extension.[4]  It is plaintiffs' obligation to ensure that their court filings are received by

27

28   [4] Federal Rule of Civil Procedure 6(d) provides that, "[w]hen a party may or must act within a
specific time *after service* and service is made under Rule 5(b)(2)(C), (D), (E), or (F) [which

1    the court no later than the filing deadline.  Merely depositing a court filing in the mail on the

2    filing deadline does not constitute compliance with the court's order.[5]

3           Therefore, in light of plaintiffs' failure to comply with Local Rule 251 and the court's

4    orders, the imposition of monetary sanctions was warranted, and the court overrules plaintiffs'

5    objections as to the monetary sanctions.[6]  Precisely because plaintiffs are proceeding in forma

6    pauperis, the court imposed only minimal monetary sanctions ($100 per plaintiff), which the court

7    finds more than generous in light of plaintiffs' conduct thus far.

8           Finally, plaintiffs also object to the court requiring plaintiffs to attend the September 19,

9    2013 hearing in person.  Although the court observed that plaintiffs have forfeited their privilege

10   to appear telephonically by virtue of their conduct with respect to the discovery dispute, the

11   primary purpose for requiring plaintiffs to appear in person was not a punitive one.  Instead, the

12   court, in light of plaintiffs' pro se status, wanted to take the opportunity to personally discuss

13   plaintiffs' discovery obligations with them and provide suitable guidance to the parties so as to

14   avoid further unnecessary discovery disputes.  Furthermore, as discussed below, at least some of

15   the issues raised by the parties' discovery dispute appear to be susceptible to resolution through a

16   —————————————————

17   includes service by mail], three days are added after the period would otherwise expire under
     Rule 6(a)."  However, the court's August 9, 2013 order did not require the parties to file a

18   statement "within a specific time after service" of the order – it required a joint statement to be
     filed by a firm date of September 6, 2013.  As such, Federal Rule of Civil Procedure 6(d) does not

19   apply in this case.

20   [5] In that regard, the court also rejects plaintiffs' argument that they are disadvantaged by not

21   having electronic filing privileges in this case.  The court's August 9, 2013 order afforded
     plaintiffs with plenty of time to meet and confer with Nevada County and file a joint statement by

22   September 6, 2013.  Any difficulty plaintiffs encountered with meeting the September 6, 2013
     deadline was the result of their own stalling – not lack of electronic filing privileges.  In their

23   objections filed September 17, 2013, plaintiffs renew their request to be granted electronic filing
     privileges.  (ECF No. 383 at 8.)  For the reasons discussed in the court's February 3, 2011 order

24   (ECF No. 224), that request is denied.

25   [6] Plaintiffs' contention that the court somehow "jumped the gun" by imposing sanctions on

26   September 6, 2013, the deadline for compliance with the court's August 9, 2013 order, is without
     merit.  To this day, plaintiffs have not met and conferred in good faith with Nevada County or

27   filed a joint statement that complies with Local Rule 251 or the court's August 9, 2013 order.  As
     such, even if the court were to reconsider its order at this juncture, the court finds the sanctions

28   imposed to have been appropriate.

8

1   face-to-face meet-and-confer session, which the court envisioned could take place under court

2   supervision at the courthouse.

3        In their objections, plaintiffs assert that it was financially impossible for them to attend the

4   September 19, 2013 hearing in light of their in forma pauperis status and because they could not

5   find affordable airfare at short notice.  The court is not unsympathetic to plaintiffs' financial

6   concerns, and will attempt to provide some accommodations to the extent possible, as discussed

7   below.  However, the mere fact that plaintiffs are proceeding in forma pauperis does not entitle

8   them to make telephonic appearances.  In the past, the court has accommodated plaintiffs by

9   permitting telephonic appearances when appropriate, but there are certain hearings, such as the

10   hearing on the instant motions, for which personal appearances are necessary in light of the

11   history and nature of the parties' dispute.  Furthermore, at some point, plaintiffs will conceivably

12   need to make other personal appearances for depositions, the pre-trial conference, and trial.

13   While the court appreciates that plaintiffs may not have had another venue in which to bring their

14   action, they have nonetheless chosen to initiate a lawsuit in this district and must personally

15   appear for hearings and conferences when deemed necessary by the court.

16        Accordingly, for the reasons stated above, plaintiffs' objections are overruled.  The court

17   now turns to the procedure by which Nevada County's motions to compel and further discovery

18   in this case will be addressed.

19        Future Proceedings For Resolution of Pending Motions to Compel and Discovery

20   Conference

21        After reviewing the parties' filings, and after further discussions with Nevada County's

22   counsel at the September 19, 2013 hearing, the court continues the hearing on Nevada County's

23   motions to compel to Thursday October 24, 2013, at 10:00 a.m., in Courtroom No. 25.  The court

24   finds this continued hearing to be appropriate for several reasons.

25        First, in light of plaintiffs' pro se status, the court finds it necessary to personally discuss

26   plaintiffs' discovery responses with them and provide suitable guidance to the parties so as to

27   avoid further unnecessary discovery disputes.  As an initial matter, plaintiffs' objections as to the

28   number of interrogatories (and the counting of subparts) appear not well taken.  Generally,

interrogatory subparts are to be counted as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." Safeco of America v. Rawstrom, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citing Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685 (D. Nev. 1997). Furthermore, "[r]esponding to an interrogatory with a reference to another interrogatory or to a document or pleading is improper." Pacific Lumber Co. v. National Union Fire Ins. Co., 2005 WL 318811, at *4 (N.D. Cal. Jan 5, 2005) (unpublished); see also Mulero-Abreu v. Puerto Rico Police Dep't, 675 F.3d 88, 93 (1st Cir. 2012). Nevertheless, the court makes no final decision at this juncture, and will allow plaintiffs an opportunity to further explain their position at the hearing.

Second, the court finds that at least some of the issues concerning the interrogatory responses could likely be resolved through a proper, face-to-face meet-and-confer session conducted under court supervision in conjunction with the hearing. For example, in order to address plaintiffs' privacy and safety concerns with respect to Interrogatory No. 2, the parties may be able to agree that plaintiffs could provide their docket address of record as their present address, provided that plaintiffs are willing to stipulate that any notices, subpoenas etc. would be deemed properly served if mailed to that address.

Third, the court concludes that it would be appropriate to conduct a discovery conference in this matter at the same time as the hearing on the motions to compel, with plaintiffs and counsel for all remaining defendants ordered to be present. The court and parties will then discuss future intended discovery, scheduling of depositions, the parties' availability, etc. in an effort to streamline discovery and avoid unnecessary disputes.

The court is cognizant of plaintiffs' financial concerns, but nonetheless finds it essential, for the reasons discussed above, to require all plaintiffs and remaining defendants to appear personally at the October 24, 2013 hearing and discovery conference. In light of plaintiffs' past failures to comply with the Local Rules and the court's orders, and in particular their sanctionable failure to appear at the September 19, 2013 hearing, the court is inclined to impose $1,000 in monetary sanctions against each plaintiff. However, due to plaintiffs' financial circumstances, the court finds that such funds would be better spent on plaintiffs securing transportation to

10

Sacramento for the hearing and discovery conference.  Additionally, the court sets the hearing out by approximately one month in order to permit plaintiffs to avoid purchasing potentially more expensive transportation on a last-minute basis.

CONCLUSION

For the reasons outlined above, IT IS HEREBY ORDERED that:

1.  Plaintiffs' objections (ECF No. 383) are OVERRULED.

2.  Plaintiffs' renewed request for electronic filing privileges (ECF No. 383) is DENIED.

3.  A hearing on Nevada County's motions to compel, as well as a discovery conference in this matter, are set for Thursday October 24, 2013, at 10:00 a.m., in Courtroom No. 25.

4.  **All plaintiffs** and **all remaining defendants** (or counsel for those defendants) shall <u>personally appear</u> at the October 24, 2013 hearing and discovery conference.  <u>No telephonic appearances will be permitted.</u>

5.  For purposes of the discovery conference, all parties and counsel shall have their calendars readily available for scheduling.

6.  *Failure of any party to personally appear at the status conference will result in the imposition of sanctions, including monetary sanctions and/or a recommendation that the action (or non-appearing party's claims) be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

IT IS SO ORDERED.

Dated:  September 23, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11