UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT WINTERS, et al.,

          Plaintiffs,

      v.

DELORES JORDAN, et al.,

          Defendants.

No.  2:09-cv-0522-JAM-KJN PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

INTRODUCTION

       By these findings and recommendations, the court recommends that plaintiffs' claims be dismissed with prejudice and that the case be closed.  As discussed below, plaintiffs have persistently failed to comply with court orders and twice failed to appear for scheduled hearings in this matter, despite having been explicitly warned of the consequences for doing so.

BACKGROUND

       Although somewhat cumbersome, the court sets forth in detail the background facts concerning the discovery dispute and the course of events leading up to, and resulting in, these findings and recommendations.

       This action was initially commenced on February 23, 2009.  (ECF No. 1.)  After a fairly convoluted procedural history, a pretrial scheduling order was finally entered on March 21, 2012.  (ECF No. 331.)  According to the scheduling order, the discovery completion deadline is January

1

31, 2014; the law and motion completion deadline is April 10, 2014; and the pre-trial conference and jury trial before the district judge is scheduled for July 18, 2014, and August 25, 2014, respectively.  (Id.)

On August 27, 2012, defendant Nevada County Adult Protective Services ("Nevada County") propounded interrogatories on all plaintiffs, and received responses to those interrogatories on October 1, 2012.  (ECF No. 375 at 2.)  On June 26, 2013, counsel for Nevada County sent plaintiffs a letter advising that plaintiffs' responses to the interrogatories were inadequate in various respects and requesting meet-and-confer discussions regarding the responses, or alternatively, supplemental answers by July 15, 2013.  According to the statement regarding the discovery dispute filed by Nevada County and declarations filed by Nevada County's counsel, plaintiffs failed to respond to that letter as well as a subsequent phone call and e-mail.  (Id.; Declarations of Scott A. McLeran in support of motions to compel, ECF Nos. 356, 357, 360, 363, 366, Exs. C & D.)

Consequently, on August 7, 2013, Nevada County filed the presently pending five motions to compel supplemental answers to the interrogatories propounded on each of the five plaintiffs.  (ECF Nos. 352, 354, 358, 361, 364.)  The motions were initially noticed for hearing on September 12, 2013, but due to the court's own unavailability, the hearing on the motions was reset for September 19, 2013.  (ECF No. 373.)

Because plaintiffs had essentially ignored Nevada County's attempts to informally meet and confer regarding the discovery dispute prior to the filing of Nevada County's motions, the court issued an order on August 9, 2013, requiring plaintiffs to meet and confer in good faith with Nevada County with respect to its motions to compel (including at least one personal meet-and-confer session by telephone).  In the event that the parties were unable to resolve their dispute informally, the court also ordered the parties to prepare and file a joint statement regarding their discovery disagreement in accordance with Local Rule 251 no later than September 6, 2013. Plaintiffs were specifically cautioned that "failure to cooperate in good faith in the meet-and-confer process; failure to cooperate with the preparation and filing of the joint statement regarding the discovery disagreement; or failure to otherwise comply with their obligations under

2

1   Local Rule 251, the Federal Rules of Civil Procedure, and [the court's] order, will result in the

2   imposition of sanctions pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure,

3   potentially including a summary grant of defendant's motion to compel, monetary sanctions,

4   and/or dismissal of the action with prejudice."  (See ECF No. 374.)

5        Thereafter, on September 5, 2013, Nevada County filed a statement regarding the

6   discovery disagreement.  (ECF No. 375.)  The statement, which was drafted without plaintiffs'

7   input, addressed the various issues presented by the motions to compel, and also indicated that, as

8   of the time of filing that statement, plaintiffs had not made any contact with Nevada County's

9   counsel.  According to counsel for Nevada County, he was able to reach plaintiff Cacey Winters

10  by telephone on September 4, 2013, but Ms. Winters indicated that she was "in the middle of

11  something" and unable to discuss the discovery disagreement.  Nevada County's counsel

12  reminded Ms. Casey Winters that a joint statement was due to the court prior to September 6,

13  2013, and Ms. Winters represented that she would contact her father, plaintiff Brent Winters,

14  regarding Nevada County's request to meet and confer with plaintiffs regarding the discovery

15  dispute.  (ECF No. 375 at 2-3.)  Later in the day on September 5, 2013, counsel for Nevada

16  County filed a supplemental statement indicating that, after the filing of the earlier statement, he

17  had finally received calls from plaintiffs, who essentially represented that they were not willing to

18  amend or supplement their responses to the discovery requests and would await the court's ruling

19  as to the various issues.  (ECF No. 376.)

20       On September 6, 2013, the court issued an order requiring plaintiffs to each pay $100 in

21  monetary sanctions based on their failure to substantially comply with the court's August 9, 2013

22  order and Local Rule 251.  (ECF No. 377.)  The court reasoned that:

23           Although plaintiffs finally called counsel for Nevada County on
             September 5, 2013, almost a month after the court's order issued
24           and one day before the joint statement was due, this did not allow
             for any meaningful meet-and-confer discussions.   Moreover,
25           plaintiffs failed to participate in the preparation and filing of a joint
             statement as required by the court's August 9, 2013 order and Local
26           Rule 251.  **Additionally, the docket in this case reveals that
             plaintiffs have been cautioned several times for failure to
27           comply with briefing deadlines and the Local Rules.  (See, e.g.
             ECF Nos. 149, 170, 216, 224, 348.)**

28

3

(Id.) (emphasis added.)  Additionally, the court required all plaintiffs to personally appear at the September 19, 2013 hearing on the motions to compel.  The court observed:

> While the court is cognizant of the travel costs involved and have previously allowed plaintiffs, who reside outside of California, to appear by telephone, plaintiffs have forfeited their privilege to appear telephonically by virtue of their conduct with respect to this discovery dispute.  Moreover, plaintiffs can hardly claim to be significantly prejudiced by an order requiring them to personally appear for a hearing in the case, given that they elected to commence a lawsuit in this district.  At the hearing, plaintiffs shall be prepared to discuss the discovery dispute and why additional sanctions, including payment of Nevada County's attorneys' fees related to the motions to compel, should not be imposed.

> In light of plaintiffs' conduct to date, the court could have recommended terminating sanctions at this juncture.  Nevertheless, given its desire to resolve plaintiffs' claims on the merits, the court first attempts the lesser sanctions outlined above.  However, plaintiffs are hereby cautioned and put on notice that failure to timely pay the monetary sanctions imposed by this order and/or failure to appear in person at the September 19, 2013 hearing by any plaintiff(s) will result in a recommendation that all claims of that plaintiff(s) in this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

(Id.)[1]

Subsequently, on September 10, 2013, plaintiffs filed what they styled as a "Notice of Compliance and Joint Statement re Discovery Disagreement."  (ECF No. 379.)[2]  In that filing, plaintiffs contended that their telephone calls to Nevada County's counsel on September 5, 2013, the day before the joint statement was due, complied with the court's order to "meet and confer in good faith with defendant Nevada County with respect to defendant's motions to compel," that was to "include at least one personal meet-and-confer session, which may be conducted by telephone."  (Id.; ECF No. 374.)  Plaintiffs' statement also provided some discussion regarding

---

[1] The court's September 6, 2013 order was served on all plaintiffs by mail, and the undersigned's courtroom deputy that same day also provided plaintiff Cacey Winters, who had previously inquired regarding the possibility of a telephonic appearance at the hearing, with a courtesy telephonic notice of the order and its docket text.  (ECF No. 378.)

[2] Although plaintiffs' "joint statement" was filed jointly by all plaintiffs, defendant Nevada County did not join in that statement.  As such, it was not a joint statement as defined by Local Rule 251 or the court's August 9, 2013 order.

1    plaintiffs' position with respect to the underlying discovery dispute.  (ECF No. 379.)

2           Thereafter, on September 13, 2013, the court issued an order clarifying that, despite

3    plaintiffs' September 10, 2013 "Notice of Compliance and Joint Statement re Discovery

4    Disagreement," all provisions of the court's September 6, 2013 order remained in full effect.

5    (ECF No. 380.)  The order cautioned that "[f]ailure to timely pay the monetary sanctions imposed

6    by the September 6, 2013 order and/or failure to appear in person at the September 19, 2013

7    hearing by any plaintiff(s) will result in a recommendation that all claims of that plaintiff(s) in

8    this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)."  (Id.)[3]

9           That same day, plaintiffs paid the $500 in total monetary sanctions imposed and filed a

10   notice of compliance to that effect.  (ECF No. 382.)  Subsequently, on September 17, 2013,

11   plaintiffs filed objections to the court's September 6, 2013 and September 13, 2013 orders.  (ECF

12   No. 383.)  Plaintiffs also failed to appear for the hearing on September 19, 2013.  (ECF No. 384.)

13          In a September 23, 2013 order, the court addressed and overruled plaintiff's September

14   17, 2013 objections, explaining in detail why plaintiffs' conduct failed to comply with the Local

15   Rules and the court's orders, and why plaintiffs' objections to the prior orders and the imposition

16   of monetary sanctions were without merit:

17                    As an initial matter, plaintiffs finally called counsel for Nevada
                County on September 5, 2013, almost a month after the court's
18              August 9, 2013 order requiring further meet-and-confer efforts
                issued and one day before the joint statement was due.  This did not
19              allow for any meaningful meet-and-confer discussions, and
                certainly did not allow for the drafting of a true joint statement
20              contemplated by Local Rule 251.   Although plaintiffs, in
                conclusory fashion, label the discussions as "meaningful" and "in
21              good faith," plaintiffs' own declarations show that, on September 5,
                2013, plaintiff Susan Winters called Nevada County's counsel at
22              3:01 p.m.; plaintiffs Cacey, Jennifer, and Christy Winters called
                Nevada County's counsel at 3:41 p.m.; and plaintiff Brent Winters
23              called Nevada County's counsel at 3:55 p.m. (ECF No. 383 at 10-
                14.)  Given the spacing of the phone calls (which all occurred in the
24              time span of about an hour) and the substantial number of responses

25   _____
     [3] The court's September 13, 2013 order was served on plaintiffs by mail.  However, the
26   undersigned's courtroom deputy also attempted to provide telephonic courtesy notice of the order
     and docket text to plaintiffs at the available telephone numbers listed on the docket.  The
27   courtroom deputy was able to leave a voicemail message for plaintiff Cacey Winters, but upon
     dialing the numbers for plaintiffs Brent Winters and Susan Winters, was informed that they were
28   wrong numbers.  (ECF No. 381.)

                                                5

at issue in Nevada County's five motions to compel, the court has grave doubts as to whether the discussions were truly thorough, substantive, and meaningful. Indeed, the parties' own filings demonstrate that they failed to reach agreement on any request. Instead, in the course of those discussions plaintiffs essentially represented, as they continue to do, that they were not willing to amend or supplement their responses to the discovery requests and would instead await the court's ruling as to the various issues. (ECF Nos. 376, 379, 383.)

Plaintiffs' argument that their last-minute September 5, 2013 phone calls constituted technical compliance with the court's order is not persuasive. The court's order required plaintiffs to "meet and confer *in good faith* with defendant Nevada County with respect to defendant's motions to compel." (ECF No. 374 at 3) (emphasis added). Although the court's order also specified that the parties' meet-and-confer efforts "shall include at least one personal meet-and-confer session, which may be conducted by telephone," (id.), this provision merely required the parties to have some personal discussions as opposed to a mere exchange of letters. That provision by no means displaced the general requirement that plaintiffs meet and confer in good faith, which was not complied with for the reasons discussed above.

Plaintiffs also suggest that it was counsel for Nevada County's obligation to initiate meet-and-confer correspondence with plaintiffs in accordance with Local Rule 251. However, this argument ignores the procedural history of this discovery dispute. While Local Rule 251 generally makes counsel for the moving party responsible for arranging a meet-and-confer session related to a discovery motion, counsel for Nevada County previously did so by contacting plaintiffs via letter, e-mail, and phone. (Declarations of Scott A. McLeran in support of motions to compel, ECF Nos. 356, 357, 360, 363, 366, Exs. C & D.) Because plaintiffs did not respond to this correspondence, sent to their addresses of record and other contact information provided on court filings, the court issued the August 9, 2013 order, which stated: "*Plaintiffs* shall meet and confer in good faith with defendant Nevada County with respect to defendants' motions to compel." (ECF No. 374 at 3) (emphasis added). Plaintiffs' interpretation of that order, which is apparently that they could just sit back and wait for Nevada County's counsel to contact them, is plainly not reasonable.

Moreover, plaintiffs also violated the court's August 9, 2013 order in other respects. The order required the parties to "prepare and file a joint statement regarding their discovery disagreement in accordance with Local Rule 251 and [the court's August 9, 2013 order] no later than September 6, 2013." (ECF No. 374 at 3.)

Although plaintiffs claim that they filed a "joint statement" in compliance with the court's order, plaintiffs' statement was not filed jointly with the opposing party, Nevada County, and does not even remotely comply with the substantive and content requirements of Local Rule 251(c). (ECF No. 379.) This filing defeats the primary purpose of Local Rule 251, which is to allow

6

the court to review both parties' positions with respect to the discovery issues in a single joint statement.  Even though plaintiffs are proceeding without counsel, the court's August 9, 2013 order specifically referred plaintiffs to Local Rule 251 and the content requirements of Local Rule 251(c).  (ECF No. 374 at 2.)

Plaintiffs' non-compliant "joint statement" was also untimely filed. The court's docket reveals that the court only received the statement on September 10, 2013, whereas the parties' joint statement was due on September 6, 2013.  Plaintiffs' objections essentially concede that they only mailed their "joint statement" on September 6, 2013 from Illinois (ECF No. 383 at 2), but argue that it was nonetheless timely received by the court on September 10, 2013, because "Rule 29" purportedly requires that plaintiffs be allowed at least three days beyond the filing deadline for their filing to arrive at the court.  Plaintiffs are mistaken.  Federal Rule of Civil Procedure 29 governs stipulations about discovery procedure, but does not provide for any such automatic three-day extension.

(ECF No. 385 at 5-7.)  The court noted that "Federal Rule of Civil Procedure 6(d) provides that, '[w]hen a party may or must act within a specific time *after service* and service is made under Rule 5(b)(2)(C), (D), (E), or (F) [which includes service by mail], three days are added after the period would otherwise expire under Rule 6(a).'  However, the court's August 9, 2013 order did not require the parties to file a statement 'within a specific time after service' of the order – it required a joint statement to be filed by a firm date of September 6, 2013.  As such, Federal Rule of Civil Procedure 6(d) does not apply in this case."  (ECF No. 385 at 7-8 n.4.)  The court further observed: "It is plaintiffs' obligation to ensure that their court filings are received by the court no later than the filing deadline.  Merely depositing a court filing in the mail on the filing deadline does not constitute compliance with the court's order."  (Id. at 7-8.)  The court also rejected plaintiffs' argument that they were disadvantaged by not having electronic filing privileges, reasoning that "[t]he court's August 9, 2013 order afforded plaintiffs with plenty of time to meet and confer with Nevada County and file a joint statement by September 6, 2013.  Any difficulty plaintiffs encountered with meeting the September 6, 2013 deadline was the result of their own stalling – not lack of electronic filing privileges."  (Id. at 8 n.5.)

Additionally, the court found without merit plaintiffs' contention that the court had somehow "jumped the gun" by imposing sanctions on September 6, 2013, the deadline for compliance with the court's August 9, 2013 order.  The court noted that, "[t]o this day, plaintiffs

1    have not met and conferred in good faith with Nevada County or filed a joint statement that

2    complies with Local Rule 251 or the court's August 9, 2013 order.  As such, even if the court

3    were to reconsider its order at this juncture, the court finds the sanctions imposed to have been

4    appropriate."  (ECF No. 385 at 8 n.6.)

5         Finally, the court also overruled plaintiffs' objection to the court's requirement that

6    plaintiffs attend the September 19, 2013 hearing in person.  The court explained that:

> Although the court observed that plaintiffs have forfeited their privilege to appear telephonically by virtue of their conduct with respect to the discovery dispute, the primary purpose for requiring plaintiffs to appear in person was not a punitive one.  Instead, the court, in light of plaintiffs' pro se status, wanted to take the opportunity to personally discuss plaintiffs' discovery obligations with them and provide suitable guidance to the parties so as to avoid further unnecessary discovery disputes.  Furthermore, as discussed below, at least some of the issues raised by the parties' discovery dispute appear to be susceptible to resolution through a face-to-face meet-and-confer session, which the court envisioned could take place under court supervision at the courthouse.
>
> In their objections, plaintiffs assert that it was financially impossible for them to attend the September 19, 2013 hearing in light of their in forma pauperis status and because they could not find affordable airfare at short notice.  The court is not unsympathetic to plaintiffs' financial concerns, and will attempt to provide some accommodations to the extent possible, as discussed below.  However, the mere fact that plaintiffs are proceeding in forma pauperis does not entitle them to make telephonic appearances.  In the past, the court has accommodated plaintiffs by permitting telephonic appearances when appropriate, but there are certain hearings, such as the hearing on the instant motions, for which personal appearances are necessary in light of the history and nature of the parties' dispute.  Furthermore, at some point, plaintiffs will conceivably need to make other personal appearances for depositions, the pre-trial conference, and trial.  While the court appreciates that plaintiffs may not have had another venue in which to bring their action, they have nonetheless chosen to initiate a lawsuit in this district and must personally appear for hearings and conferences when deemed necessary by the court.

24   (ECF No. 385 at 8-9.)

25        For the reasons stated in the September 23, 2013 order, and in another attempt to avoid the

26   harsh sanction of dismissal, the court continued the hearing on Nevada County's motions to

27   October 24, 2013, at 10:00 a.m., in Courtroom No. 25, and also set a discovery conference in the

28   ////

8

case for that same date and time.[4]  The court ordered all plaintiffs and all remaining defendants

(or counsel for those defendants) to personally appear on October 24, 2013, with no telephonic

appearances permitted.  The parties and counsel were instructed to have their calendars readily

available for scheduling depositions and other future discovery.  (ECF No. 385 at 9-11.)  The

parties were cautioned that failure of any party to personally appear at the hearing and conference

would "*result in the imposition of sanctions, including monetary sanctions and/or a*

*recommendation that the action (or non-appearing party's claims) be dismissed with prejudice*

*pursuant to Federal Rule of Civil Procedure 41(b).*"  (Id. at 11) (emphasis in original).  The court

further stated:

> The court is cognizant of plaintiffs' financial concerns, but
> nonetheless finds it essential, for the reasons discussed above, to
> require all plaintiffs and remaining defendants to appear personally
> at the October 24, 2013 hearing and discovery conference.  In light
> of plaintiffs' past failures to comply with the Local Rules and the
> court's orders, and in particular their sanctionable failure to appear
> at the September 19, 2013 hearing, the court is inclined to impose
> $1,000 in monetary sanctions against each plaintiff.  However, due
> to plaintiffs' financial circumstances, the court finds that such funds
> would be better spent on plaintiffs securing transportation to
> Sacramento for the hearing and discovery conference.
> Additionally, the court sets the hearing out by approximately one
> month in order to permit plaintiffs to avoid purchasing potentially
> more expensive transportation on a last-minute basis.

(ECF No. 385 at 10-11.)[5]

Thereafter, on October 7, 2013, plaintiffs filed objections to the court's September 23,

2013 order, the court's prior imposition of monetary sanctions, and the court's order requiring

plaintiffs to personally appear at the October 24, 2013 hearing.  (ECF No. 386.)  On October 9,

2013, the court overruled the objections and confirmed the October 24, 2013 hearing at which all

---

[4] The court refers the parties to its September 23, 2013 order for a more detailed discussion of the
reasons for the October 24, 2013 hearing and discovery conference, which are incorporated by
reference here.  (See ECF No. 385.)

[5] The court's September 23, 2013 order was served on plaintiffs by mail that same day.  A
courtesy copy of the order was also e-mailed to certain e-mail addresses for plaintiffs that had
appeared on prior pleadings.  Additionally, the courtroom deputy provided courtesy telephonic
notice of the order to all phone numbers for plaintiffs on the case docket.

1   parties were to personally appear.  (ECF No. 387.)[6]

2          At the October 24, 2013 hearing, all remaining defendants personally appeared through

3   counsel and confirmed that they had their calendars readily available for discovery scheduling.

4   Scott McLeran appeared on behalf of Nevada County and the other Nevada County defendants;

5   David Silber appeared on behalf of defendants Delores Jordan and Virginia Armstrong; Kenneth

6   Bacon appeared on behalf of defendant Valerie Logsdon; and defendant Dewey Harpainter, an

7   attorney, appeared representing himself.  Plaintiffs again failed to appear.

8   DISCUSSION

9          In light of the above events, the court recommends dismissal of plaintiffs' claims with

10  prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183.

11         Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

12  with these Rules or with any order of the Court may be grounds for imposition by the Court of

13  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

14  Moreover, Eastern District Local Rule 183(a) provides, in part:

15              Any individual representing himself or herself without an attorney
               is bound by the Federal Rules of Civil or Criminal Procedure, these
16              Rules, and all other applicable law.  All obligations placed on
               "counsel" by these Rules apply to individuals appearing in propria
17              persona.  Failure to comply therewith may be ground for dismissal,
               judgment by default, or any other sanction appropriate under these
18              Rules.

19  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

20  same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

21  accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's

22  case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

23  or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

24  court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

25  court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

26  Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

27

28  [6] The court's October 9, 2013 order was served on plaintiffs by mail that same day.

1    an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

2    prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

3    F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

4    proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

5    ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

6    failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782

7    F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

8    control their dockets and may impose sanctions including dismissal or default).

9         A court must weigh five factors in determining whether to dismiss a case for failure to

10   prosecute, failure to comply with a court order, or failure to comply with a district court's local

11   rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

12              (1) the public's interest in expeditious resolution of litigation; (2)
                the court's need to manage its docket; (3) the risk of prejudice to
13              the defendants; (4) the public policy favoring disposition of cases
                on their merits; and (5) the availability of less drastic alternatives.
14

15   Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v.

16   Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that

17   "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

18   way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

19   Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  Although involuntary dismissal can be a harsh

20   remedy, on balance the five relevant factors weigh in favor of dismissal of this action.

21        Here, the first two Ferdik factors strongly support dismissal.  Plaintiffs' conduct in the

22   meet-and-confer process regarding the discovery dispute with Nevada County, as well as

23   plaintiffs' repeated failures to comply with the court's Local Rules, failure to comply with the

24   court's orders, and failure on two occasions to appear for a scheduled hearing, as outlined above,

25   strongly suggest that plaintiffs do not take their obligations to the court and other parties

26   seriously.  Plaintiffs cannot claim that they were unaware of their obligations or the consequences

27   for failing to comply with them.  The court's orders were served on plaintiffs by numerous

28   methods, particularly because the court was cognizant of plaintiffs' relative distance from

1    California and desired plaintiffs to have prompt notice of the court's orders.  Plaintiffs

2    acknowledged notice of the court's orders, including the requirement that plaintiffs personally

3    attend the September 19, 2013, and October 24, 2013 hearings, when they filed objections to

4    those orders.  (See ECF Nos. 383, 386.)  Additionally, the court's orders clearly cautioned

5    plaintiffs that their case may be dismissed if they failed to appear at these hearings.

6         The court cannot appropriately manage this case if plaintiffs are unwilling to comply with

7    court orders, including orders requiring personal appearances when deemed necessary by the

8    court.  Notably, plaintiffs' October 7, 2013 objections even suggest that they may not appear at

9    noticed depositions, stating that "[t]elephonic hearings provide a sufficient forum to continue the

10   discovery process.  The Winters cannot afford depositions."  (ECF No. 386 at 10.)

11        In light of these circumstances, any further time spent by the court on this case will

12   consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at

13   1261 (recognizing that district courts have inherent power to manage their dockets without being

14   subject to noncompliant litigants); see also, Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th

15   Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal").

16        The third Ferdik factor, prejudice to a defendant, also favors dismissal.  At a minimum,

17   plaintiffs' conduct has inhibited the efforts of defendants, and in particular of defendant Nevada

18   County, to complete discovery and move this 2009 case towards a resolution on the merits,

19   especially with the discovery completion deadline of January 31, 2014 fast approaching.

20   Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA)

21   Prods. Liab. Litig., 460 F.3d at 1227.

22        The fifth Ferdik factor, which considers the availability of less drastic measures, also

23   supports dismissal of this action.  Here, the court has actually pursued remedies that are less

24   drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132

25   (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually

26   tries alternatives before employing the ultimate sanction of dismissal").

27        Initially, the court issued its August 9, 2013 order directing plaintiffs to meet and confer

28   with Nevada County regarding the discovery dispute and instructing plaintiffs regarding their

12

1    obligations under Local Rule 251.  When plaintiffs failed to comply with that order, the court, in

2    light of plaintiffs' in forma pauperis status, imposed only minimal monetary sanctions of $100 per

3    plaintiff, which plaintiffs to their credit paid.  Regrettably, however, the minimal monetary

4    sanctions apparently did not serve as sufficient deterrence, because plaintiffs subsequently failed

5    to personally appear at the September 19, 2013 hearing as ordered.  Again, although the court is

6    sympathetic to plaintiffs' financial circumstances, in forma pauperis status does not entitle

7    litigants to always make telephonic appearances in an action that the litigants themselves have

8    elected to prosecute.

9         Furthermore, in a further attempt to accommodate plaintiffs' financial circumstances, the

10   court did not impose any additional monetary sanctions on plaintiffs based on their failure to

11   appear at the September 19, 2013 hearing.  Instead, the court continued the hearing to October 24,

12   2013, with the intent that plaintiffs could better spend their resources on travel to Sacramento for

13   the October 24, 2013 hearing, during which the court would simultaneously conduct a discovery

14   conference to schedule and streamline discovery.  The court also set the hearing and conference

15   out by at least a month, primarily based on plaintiffs' concern that last-minute travel fares were

16   more expensive.

17        As noted above, plaintiffs ultimately failed to appear, despite numerous cautions that their

18   claims may be dismissed.  Warning a plaintiff that failure to take steps towards resolution of his

19   or her action on the merits will result in dismissal satisfies the requirement that the court consider

20   the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district

21   court's warning to a party that his failure to obey the court's order will result in dismissal can

22   satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33).

23        At this juncture, the court finds no suitable alternative to a recommendation for dismissal

24   of this action.  Given that plaintiffs have now twice failed to appear for ordered court hearings of

25   which they undisputedly had notice, a further continuance or extension would have little effect.

26   Additionally, imposing increased monetary sanctions would be futile, because plaintiffs represent

27   that they are unable to pay any additional monetary sanctions.

28   ////

13

1        The court also recognizes the importance of giving due weight to the fourth <u>Ferdik</u> factor,

2    which addresses the public policy favoring disposition of cases on the merits.  However, for the

3    reasons set forth above, factors one, two, three, and five support a recommendation of dismissal

4    of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

5    at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

6    <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

7    omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

8    public policy favoring disposition of actions on their merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1263.  If

9    anything, a disposition on the merits has been hindered by plaintiffs' own failure to comply with

10   the court's orders and Local Rules.

11       In sum, the court endeavors to give pro se litigants and litigants proceeding in forma

12   pauperis a fair opportunity to present their case.  As such, the court granted plaintiffs

13   continuances and extensions, provided plaintiffs with cautionary instructions, and afforded

14   plaintiffs some leniency with respect to the litigation.  However, at some point, leniency must

15   give way to considerations of limited court resources and fairness to the other compliant litigants.

16   <u>CONCLUSION</u>

17       For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

18   1.   The action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil

19       Procedure 41(b) and Local Rules 110 and 183.

20   2.   The Clerk of Court be directed to close this case.

21   IT IS ALSO HEREBY ORDERED that:

22   1.   In light of the above-mentioned recommendations, defendant Nevada County's

23       motions to compel (ECF Nos. 352, 354, 358, 361, 364) are DENIED WITHOUT

24       PREJUDICE as moot.  In the event that the findings and recommendations are not

25       adopted, defendant Nevada County may re-notice these motions for hearing.

26   2.   All scheduled dates and deadlines in this action are VACATED.

27   3.   All discovery and motion practice in this action are STAYED pending resolution of

28       the findings and recommendations by the district judge.  <u>Other than objections to the</u>

14

findings and recommendations or motions seeking relief of an emergency nature, the court will not entertain further motions until the findings and recommendations are resolved by the district judge.

4.  In addition to service by mail, the Clerk of Court is directed to serve this order and findings and recommendations on plaintiffs at the following e-mail addresses: wintersoff@gmail.com and winterslawoff@gmail.com.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  October 25, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

15